No. 15-60190

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

## AMBREA FAIRCHILD,
*Plaintiff-Appellant*

## VERSUS

## ALL AMERICAN CHECK CASHING, INCORPORATED, a Mississippi Corporation,
*Defendant-Appellee*

---

## RECORD EXCERPTS OF APPELLANT

---

## APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

Keith Starrett, United States District Court Judge

DANIEL M. WAIDE
JOHNSON, RATLIFF & WAIDE, PLLC
MISSISIPPI BAR NO. 103543

1300 Hardy Street
Hattiesburg, MS 39401
Telephone:   (601) 582-4553
Facsimile:    (601) 582-4556
E-mail: dwaide@jhrlaw.net

Attorneys for Plaintiff-Appellant

# TABLE OF CONTENTS

| Tab | | Page(s) | Record No(s). |
|---|---|---|---|
| 1. | Docket Sheet | [1] - [31] | ROA. 15-60190.1 - 31 |
| 2. | Complaint | [32] - [34] | ROA. 15-60190.32-34 |
| 3. | Order | [35] | ROA. 15-60190.2438 |
| 4. | Judgment | [26] | ROA. 15-60190.2439 |
| 5. | Notice of Appeal | [27] – [28] | ROA. 15-60190.2471-72 |
| 6. | Trial Transcript of District Ruling | [45] - [55] | ROA. 15-60190.2881-96 |
| 7. | Trial Transcript Regarding Wendy Lambert | [56] - [57] | ROA. 15-60190.2747-49 |
| 8. | Certificate of Service | [58] | |

# Tab 1.

# Docket Sheet

CLOSED,APPEAL,JURY,MTP

# U.S. District Court
## Southern District of Mississippi (Eastern (Hattiesburg))
## CIVIL DOCKET FOR CASE #: 2:13-cv-00092-KS-MTP
### Internal Use Only

Fairchild v. All American Check Cashing, Inc.
Assigned to: District Judge Keith Starrett
Referred to: Magistrate Judge Michael T. Parker
Case in other court:  5th Circuit Court of Appeals, 15-60190
Cause: 42:2000e Job Discrimination (Employment)

Date Filed: 05/06/2013
Date Terminated: 02/20/2015
Jury Demand: Plaintiff
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Federal Question

**Plaintiff**

**Ambrea Fairchild**

represented by **Daniel M. Waide**
MCHARD & ASSOCIATES, PLLC
15 Milbranch Road
Hattiesburg, MS 39402-1673
601/582-4553
Fax: 601-582-4556
Email: waidelaw.ms@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Samuel S. McHard**
MCHARD & ASSOCIATES, PLLC
15 Milbranch Road
Hattiesburg, MS 39402-1673
601/450-1715
Fax: 601/450-1719
Email: smchard@mchardlaw.com
*TERMINATED: 07/28/2014*

V.

**Defendant**

**All American Check Cashing, Inc.**
*a Mississippi Corporation*

represented by **Lisa J. Gill**
DINKELSPIEL, RASMUSSEN & MINK,
PLLC
1669 Kirby Parkway, Suite 106
Memphis, TN 38120
901/578-8888
Fax: 901/579-8888
Email: lgill@drmlawmemphis.com
*TERMINATED: 08/27/2013*
*LEAD ATTORNEY*

**Lucius F. Sams , Jr.**
MITCHELL, MCNUTT & SAMS, PA -
Tupelo
P. O. Box 7120

15-60190.1

Tupelo, MS 38802-7120
662/842-3871
Fax: 662/842-8450
Email: ssams@mitchellmcnutt.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ben Alexander**
DINKELSPIEL, RASMUSSEN & MINK,
PLLC
1669 Kirby Parkway, Suite 106
Memphis, TN 38120
901/754-7770
Fax: 901/756-7772
Email: balexander@drmlawmemphis.com
*TERMINATED: 08/25/2014*

**Peter D. Baskind - PHV**
DINKELSPIEL, RASMUSSEN & MINK,
PLLC
1669 Kirby Parkway, Suite 106
Memphis, TN 38120
901/754-7770
Fax: 901/756-7772
Email: pbaskind@drmlawmemphis.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robin H. Rasmussen**
DINKELSPIEL, RASMUSSEN & MINK,
PLLC
1669 Kirby Parkway, Suite 106
Memphis, TN 38120
901/754-7770
Fax: 901/756-7772
Email: rrasmussen@drmlawmemphis.com
*ATTORNEY TO BE NOTICED*

**Interested Party**

Erin L Petty


V.

**Material Witness**

Alyssa Munn                                    represented by **L. Christopher Breard**
                                               BREARD LAW FIRM, LTD.
                                               1317 24th Avenue, Suite B
                                               Gulfport, MS 39501
                                               228/897-2222
                                               Fax: 228/575-9218
                                               Email: breardlawfirmltd@bellsouth.net
                                               *LEAD ATTORNEY*

15-60190.7

| Date Filed | # | Docket Text |
|---|---|---|
| 05/06/2013 | 1 (p.32) | COMPLAINT against All American Check Cashing, Inc. ( Filing fee $ 350 receipt number 24643002520), filed by Ambrea Fairchild. (Attachments: # 1 (p.32) Exhibit A Charge of Discrimination, # 2 (p.40) Exhibit B Notice of Right to Sue, # 3 (p.41) Civil Cover Sheet)(ALJ) (Entered: 05/06/2013) |
| 05/06/2013 | | (Court only) ***Set Flags: MTP, NO_CMC, JURY (ALJ) (Entered: 05/06/2013) |
| 05/06/2013 | 2 (p.40) | Summons Issued as to All American Check Cashing, Inc.. (ALJ) (Entered: 05/06/2013) |
| 05/09/2013 | 3 (p.41) | SUMMONS Returned Executed by Ambrea Fairchild All American Check Cashing, Inc. served on 5/9/2013, answer due 5/30/2013. (Attachments: # 1 (p.32) Exhibit 1 - Proof of Service)(Waide, Daniel) (Entered: 05/09/2013) |
| 06/06/2013 | 4 (p.43) | ANSWER to 1 (p.32) Complaint, by All American Check Cashing, Inc..(Gill, Lisa) (Entered: 06/06/2013) |
| 06/06/2013 | 5 (p.47) | Rule 16(a) Initial Order: Telephonic Case Management Conference set for 8/7/2013 9:30 AM before Magistrate Judge Michael T. Parker. Counsel for plaintiff is responsible for initiating the conference call and shall contact Judge Parker's chambers (601.544.9100) when all parties are connected. Confidential settlement memoranda are due on or before 8/2/13. (KPM) (Entered: 06/06/2013) |
| 06/07/2013 | 6 (p.50) | MOTION for ROBIN H. RASMUSSEN to Appear Pro Hac Vice by All American Check Cashing, Inc. (Attachments: # 1 (p.32) Exhibit Certificate of Good Standing)(Gill, Lisa) (Entered: 06/07/2013) |
| 06/10/2013 | 7 (p.57) | ATTACHMENT re 6 (p.50) MOTION for ROBIN H. RASMUSSEN to Appear Pro Hac Vice by All American Check Cashing, Inc. (Gill, Lisa) (Entered: 06/10/2013) |
| 06/10/2013 | | TEXT ONLY ORDER granting 6 (p.50) Motion to Appear Pro Hac Vice. Robin H. Rasmussen is hereby granted admission pro hac vice upon payment of the pro hac admission fee and registering for electronic filing. No further written order will issue. Signed by Magistrate Judge Michael T. Parker on June 10, 2013 (KPM) (Entered: 06/10/2013) |
| 06/10/2013 | | Pro Hac Vice fee paid for ROBIN RASMUSSEN receipt number 0538-2436178 $ 100 (Gill, Lisa) (Entered: 06/10/2013) |
| 06/11/2013 | | (Court only) ***Attorney Robin H. Rasmussen - PHV for All American Check Cashing, Inc. added. (ALJ) (Entered: 06/11/2013) |
| 06/13/2013 | 8 (p.58) | |

15-60190.3

| | | |
|---|---|---|
| | | MOTION for PETER D. BASKIND to Appear Pro Hac Vice by All American Check Cashing, Inc. (Attachments: # 1 (p.32) Supplement letter of good standing)(Gill, Lisa) (Entered: 06/13/2013) |
| 06/13/2013 | | TEXT ONLY ORDER granting 8 (p.58) Motion to Appear Pro Hac Vice. Peter D. Baskind is hereby admitted pro hac vice upon payment of the pro hac admission fee and registering for electronic filing. No further written order will issue. Signed by Magistrate Judge Michael T. Parker on June 13, 2013 (KPM) (Entered: 06/13/2013) |
| 06/13/2013 | | Pro Hac Vice fee paid for PETER D. BASKIND receipt number 0538-2439182 $ 100 (Gill, Lisa) (Entered: 06/13/2013) |
| 06/18/2013 | | (Court only) ***Attorney Peter D. Baskind - PHV for All American Check Cashing, Inc. added. (ALJ) (Entered: 06/18/2013) |
| 07/16/2013 | 9 | ***ERROR*** DISREGARD THIS ENTRY: NOTICE of Service of Disclosure by All American Check Cashing, Inc. (Baskind - PHV, Peter) Modified on 7/17/2013 (ALJ). (Entered: 07/16/2013) |
| 07/17/2013 | | DOCKET ANNOTATION as to 9 Incorrect document attached. Attorney is directed to refile and attach the correct pdf document. This document is not accompanied by a certificate of service. A certificate of service must be attached to a document [Administrative Procedures for Electronic Case Filing, Sec. 4.A.1, Sec. 4.B, and Fed.R.Civ.P. Rule 5(d)(1)]. Attorney is directed to file a certificate when refiling pdf. (ALJ) (Entered: 07/17/2013) |
| 07/17/2013 | 10 (p.65) | NOTICE of Service of Disclosure by All American Check Cashing, Inc. (Baskind - PHV, Peter) (Entered: 07/17/2013) |
| 07/22/2013 | 11 (p.67) | NOTICE of Service of *First Set of* Interrogatories by Ambrea Fairchild (Waide, Daniel) (Entered: 07/22/2013) |
| 07/22/2013 | 12 (p.69) | NOTICE of Service of *First* Request for Admissions by Ambrea Fairchild (Waide, Daniel) (Entered: 07/22/2013) |
| 07/22/2013 | 13 (p.71) | NOTICE of Service of *First* Request for Production by Ambrea Fairchild (Waide, Daniel) (Entered: 07/22/2013) |
| 08/01/2013 | 14 (p.73) | NOTICE of Service of *SUPPLEMENTAL* Disclosure by All American Check Cashing, Inc. (Baskind - PHV, Peter) (Entered: 08/01/2013) |
| 08/05/2013 | 15 (p.75) | NOTICE of Service of *Initial* Disclosure by Ambrea Fairchild (Waide, Daniel) (Entered: 08/05/2013) |
| 08/07/2013 | | Minute Entry for proceedings held before Magistrate Judge Michael T. Parker: Telephonic Case Management Conference held on 8/7/2013. A case management order will be entered. PARTICIPANTS: Daniel Waide for plaintiff; Lisa Gill, Peter Baskind and Robin Rasmussen for defendant. (KPM) (Entered: |

15-60190.4

| | | 08/07/2013) |
|---|---|---|
| 08/07/2013 | 16 (p.77) | CASE MANAGEMENT ORDER: The parties do not consent; Motions for Amended Pleadings due by 9/9/2013; Motions for Joinder of Parties due by 9/9/2013; Designate Experts Plaintiff Deadline due by 12/2/2013; Designate Experts for Defendant Deadline due by 1/15/2014; Discovery due by 3/3/2014; Motions due by 3/17/2014; Pretrial Conference set for 7/17/2014 before District Judge Keith Starrett; Jury Trial set for a two week term beginning 8/4/2014 before District Judge Keith Starrett; ETT: 3 days; settlement conference or private mediation to be completed by discovery deadline. Signed by Magistrate Judge Michael T. Parker on August 7, 2013 (KPM) (Entered: 08/07/2013) |
| 08/26/2013 | 17 (p.82) | MOTION to Substitute Attorney by All American Check Cashing, Inc. (Rasmussen - PHV, Robin) (Entered: 08/26/2013) |
| 08/27/2013 | 18 (p.84) | ORDER granting 17 (p.82) Motion to Substitute Attorney. Added attorney L. F. Sams, Jr for All American Check Cashing, Inc. Attorney Lisa J. Gill terminated. Signed by Magistrate Judge Michael T. Parker on August 27, 2013 (KPM) (Entered: 08/27/2013) |
| 09/06/2013 | 19 (p.86) | NOTICE to Take Deposition by Ambrea Fairchild (Waide, Daniel) (Entered: 09/06/2013) |
| 09/06/2013 | | DOCKET ANNOTATION as to Doc. 19 (p.86) : Cases should not be combined in the heading of a pleading unless they are consolidated. A separate Notice for each case should be filed. Attorney is directed to correct the error in future filings. ADDITIONALLY, L.U.Civ.R. 7(b)(2) requires that all supporting exhibits to a document be denominated by an exhibit letter or number and a meaningful description. Attorney is advised to follow this rule in future filings. (DM) (Entered: 09/06/2013) |
| 09/10/2013 | 20 (p.91) | NOTICE of Service of Response to Interrogatories by All American Check Cashing, Inc. (Baskind - PHV, Peter) (Entered: 09/10/2013) |
| 09/10/2013 | 21 (p.92) | NOTICE of Service of Response to Request for Production by All American Check Cashing, Inc. (Baskind - PHV, Peter) (Entered: 09/10/2013) |
| 09/10/2013 | 22 (p.93) | NOTICE of Service of Response to Request for Admissions by All American Check Cashing, Inc. (Baskind - PHV, Peter) (Entered: 09/10/2013) |
| 09/17/2013 | 23 (p.94) | NOTICE of Service of Request for Production by All American Check Cashing, Inc. (Baskind - PHV, Peter) (Entered: 09/17/2013) |
| 09/18/2013 | | DOCKET ANNOTATION as to 23 (p.94) . This document is not accompanied by a certificate of service. A certificate of service must be attached to a document [Administrative Procedures for Electronic Case Filing, Sec. 4.A.1, Sec. 4.B, and Fed.R.Civ.P. Rule 5(d)(1)]. Attorney is directed to file a certificate as |

15-60190.5

| | | CERTIFICATE OF SERVICE and link it to the proper document. (ALJ) (Entered: 09/18/2013) |
|---|---|---|
| 09/18/2013 | 24 (p.95) | Amended NOTICE of Service of Request for Production by All American Check Cashing, Inc. (Baskind - PHV, Peter) (Entered: 09/18/2013) |
| 10/04/2013 | 25 (p.97) | NOTICE of Service of *Supplemental* Response to Interrogatories by All American Check Cashing, Inc. (Baskind - PHV, Peter) (Entered: 10/04/2013) |
| 10/04/2013 | 26 (p.99) | NOTICE of Service of *Supplemental* Response to Request for Production by All American Check Cashing, Inc. (Baskind - PHV, Peter) (Entered: 10/04/2013) |
| 10/18/2013 | 27 (p.101) | NOTICE to Take Deposition by Ambrea Fairchild (Waide, Daniel) (Entered: 10/18/2013) |
| 10/21/2013 | 28 (p.106) | NOTICE of Service of Response to Request for Production by Ambrea Fairchild (Waide, Daniel) (Entered: 10/21/2013) |
| 10/22/2013 | 29 (p.108) | MOTION to Compel by All American Check Cashing, Inc. (Rasmussen - PHV, Robin) (Entered: 10/22/2013) |
| 10/22/2013 | 30 (p.111) | MEMORANDUM in Support re 29 (p.108) MOTION to Compel filed by All American Check Cashing, Inc. (Attachments: # 1 (p.32) Exhibit discovery response)(Rasmussen - PHV, Robin) (Entered: 10/22/2013) |
| 10/22/2013 | 31 (p.118) | AMENDED DOCUMENT by All American Check Cashing, Inc.. Amendment to 30 (p.111) Memorandum in Support of Motion (Attachments: # 1 (p.32) Exhibit discovery response)(Rasmussen - PHV, Robin) (Entered: 10/22/2013) |
| 10/24/2013 | 32 (p.129) | NOTICE to Take Deposition of All American Check Cashing, Inc. by Ambrea Fairchild (Waide, Daniel) (Entered: 10/24/2013) |
| 10/24/2013 | 33 (p.134) | NOTICE to Take Deposition of All American Check Cashing, Inc. by Ambrea Fairchild (Waide, Daniel) (Entered: 10/24/2013) |
| 10/25/2013 | 34 (p.139) | RESPONSE in Opposition re 29 (p.108) MOTION to Compel filed by Ambrea Fairchild (Waide, Daniel) (Entered: 10/25/2013) |
| 10/25/2013 | 35 (p.146) | NOTICE *OF STRIKING* by All American Check Cashing, Inc. re 29 (p.108) MOTION to Compel (Rasmussen - PHV, Robin) (Entered: 10/25/2013) |
| 10/28/2013 | | TEXT ONLY ORDER denying 29 (p.108) Motion to Compel. The defendant filed a notice 35 (p.146) of record that it is striking or withdrawing the motion. Accordingly, the motion is deemed withdrawn. No further written order will issue. Signed by Magistrate Judge Michael T. Parker on 2 (Parker, Michael) (Entered: 10/28/2013) |
| 11/01/2013 | | Set Hearings: At the request of the parties and having confirmed their availability, a Telephone Conference is set for 11/4/2013 2:00 PM before Magistrate Judge Michael T. Parker. The parties |

15-60190.6

| | | |
|---|---|---|
| | | are to call 228.563.1742 to connect to the call. No code is required. (KPM) (Entered: 11/01/2013) |
| 11/04/2013 | | Minute Entry for proceedings held before Magistrate Judge Michael T. Parker: Telephone Conference held on 11/4/2013. The court discussed various discovery issues and disputes with the parties and rendered informal rulings. No order wil be entered. Should the informal rulings not resolve the pending disputes, the parties may file appropriate motions. PARTICIPANTS: Daniel Waide for plaintiff; Lucius Sams, Peter Baskind and Robin Rasmussen for defendant. (KPM) (Entered: 11/04/2013) |
| 11/15/2013 | 36 (p.148) | NOTICE of Service of *First Set of Supplemental* Interrogatories by Ambrea Fairchild (Waide, Daniel) (Entered: 11/15/2013) |
| 12/02/2013 | 37 (p.150) | NOTICE of Service of Designation of Experts by Ambrea Fairchild (Waide, Daniel) (Entered: 12/02/2013) |
| 12/11/2013 | 38 (p.152) | NOTICE of Service of *First Supplemental* Response to Request for Production by Ambrea Fairchild (Waide, Daniel) (Entered: 12/11/2013) |
| 01/08/2014 | 39 (p.154) | NOTICE to Take Deposition of Mark Hendricks by Ambrea Fairchild (Waide, Daniel) (Entered: 01/08/2014) |
| 01/15/2014 | 40 (p.156) | NOTICE *of Issuance of Subpoena to Testify at a Deposition* by Ambrea Fairchild (Waide, Daniel) (Entered: 01/15/2014) |
| 01/15/2014 | | DOCKET ANNOTATION as to Doc. 40 (p.156) : Incorrect division listed. Attorney is advised to use new division name in future filings. (DM) (Entered: 01/15/2014) |
| 01/21/2014 | 41 (p.158) | NOTICE of Service of *SECOND* Request for Production by All American Check Cashing, Inc. (Rasmussen - PHV, Robin) (Entered: 01/21/2014) |
| 01/22/2014 | | DOCKET ANNOTATION as to Doc. 41 (p.158) : Division not listed. The correct Division is Eastern. Attorney is directed to correct the error in future filings. (DM) (Entered: 01/22/2014) |
| 01/22/2014 | 42 | **ERROR, DISREGARD THIS ENTRY** NOTICE of Service of Interrogatories by All American Check Cashing, Inc. (Rasmussen - PHV, Robin) Modified on 1/22/2014 (LDR). (Entered: 01/22/2014) |
| 01/22/2014 | 43 (p.160) | NOTICE of Service of Request for Admissions by All American Check Cashing, Inc. (Rasmussen - PHV, Robin) (Entered: 01/22/2014) |
| 01/22/2014 | 44 (p.162) | NOTICE of Service of Interrogatories by All American Check Cashing, Inc. (Rasmussen - PHV, Robin) (Entered: 01/22/2014) |
| 01/22/2014 | | DOCKET ANNOTATION as to 42 : Attorney advises that there is an error in this entry, and it should be disregarded. It has been correctly refiled as doc 44 (p.162) . (LDR) (Entered: 01/22/2014) |
| 01/28/2014 | 45 (p.164) | |

15-60190.7

| | | |
|---|---|---|
| | | NOTICE of Service of Designation of Experts by All American Check Cashing, Inc. (Rasmussen - PHV, Robin) (Entered: 01/28/2014) |
| 02/05/2014 | 46 | **ERROR**Disregard this entry. AFFIDAVIT of Service for Subpoena to Testify at Deposition served on Daniel Fowler on 1/17/2014, filed by Ambrea Fairchild. (Attachments: # 1 (p.32) Exhibit 1 - Proof of Service)(Waide, Daniel) Modified on 2/5/2014 (DM). (Entered: 02/05/2014) |
| 02/05/2014 | | DOCKET ANNOTATION as to Doc. 46 : Incorrect event chosen. This document should have been docketed as Subpoena Returned. Attorney is directed to refile using the correct event, Subpoena Returned. (DM) (Entered: 02/05/2014) |
| 02/11/2014 | 47 (p.166) | Subpoena Returned Executed as to Daniel Fowler. (Attachments: # 1 (p.32) Exhibit 1 - Proof of Service)(Waide, Daniel) (Entered: 02/11/2014) |
| 02/11/2014 | 48 (p.168) | Unopposed MOTION to Extend DISCOVERY Deadline by All American Check Cashing, Inc. (Rasmussen - PHV, Robin) (Entered: 02/11/2014) |
| 02/12/2014 | | DOCKET ANNOTATION as to Doc. 48 (p.168) : Unopposed Motion to Extend Deadlines and exhibits are filed as one main document. Exhibits should be scanned separately and docketed as properly identified attachments to the main document within the same docket entry. Attorney is directed to follow this procedure in future filings. L.U.Civ.R. 7.(b)(2). ADDITIONALLY, pursuant to Fed.R.Cr.P. Rule 49(d) and Fed.R.Civ.P. Rule 84, appendix form 2 states that date, signature, address, e-mail address and telephone number are used at the conclusion of pleadings and other papers that require a signature. Document is undated, but the date will be construed as the date of electronic filing. Attorney is advised to follow this rule in future filings. (DM) (Entered: 02/12/2014) |
| 02/15/2014 | | TEXT ONLY ORDER denying 48 (p.168) Motion to Extend Deadlines. The proposed extensions cannot be granted without continuing the current trial setting. The parties are encouraged to schedule a telephonic status conference with the magistrate judge to address any scheduling issues or concerns. No further written order will issue. Signed by Magistrate Judge Michael T. Parker on February 15, 2014. (Parker, Michael) (Entered: 02/15/2014) |
| 02/18/2014 | | Set Hearings: At the parties request and having confirmed their availability, a TELEPHONIC Scheduling Conference is set for TODAY 2/18/2014 3:00 PM before Magistrate Judge Michael T. Parker. The parties are directed to dial the court's conference line (228.563.1742) to connect to the call. No code is required. (KPM) (Entered: 02/18/2014) |
| 02/18/2014 | | Minute Entry for proceedings held before Magistrate Judge Michael T. Parker: Telephonic Scheduling Conference held on 2/18/2014. An amended case management order will be entered. PARTICIPANTS: Daniel Waide for plaintifff; Sandy Sams, Peter |

| | | Baskind and Robin Rasmussen for defendant. (KPM) (Entered: 02/18/2014) |
|---|---|---|
| 02/18/2014 | | Joint Ore Tenus MOTION to Amend Case Management Order. (KPM) (Entered: 02/18/2014) |
| 02/18/2014 | 49 (p.172) | AMENDED CASE MANAGEMENT ORDER granting Joint Ore Tenus Motion to Amend Case Management Order. Signed by Magistrate Judge Michael T. Parker on Feburary 18, 2014 (KPM) (Entered: 02/18/2014) |
| 02/18/2014 | | Reset Scheduling Order Deadlines/Hearings: Discovery due by 4/15/2014; Motions due by 5/15/2014; Pretrial Conference set for 10/16/2014 before District Judge Keith Starrett; Jury Trial set for a two week term beginning 11/3/2014 before District Judge Keith Starrett. (KPM) (Entered: 02/18/2014) |
| 02/24/2014 | 50 (p.173) | NOTICE of Service of Response to Request for Admissions by Ambrea Fairchild (Waide, Daniel) (Entered: 02/24/2014) |
| 03/10/2014 | | NOTICE of Hearing: At the request of counsel and having confirmed the parties' availability, a Settlement Conference is set for 4/7/2014 1:30 PM in Courtroom 2, U.S. Courthouse, 701 N. Main Street, Hattiesburg, MS before Magistrate Judge Michael T. Parker. Counsel, the parties and representatives with full settlement authority must be present. Confidential settlement memoranda are due on or before 4/2/14. (KPM) (Entered: 03/10/2014) |
| 03/14/2014 | 51 (p.175) | MOTION to Compel *Discovery* by Ambrea Fairchild (Attachments: # 1 (p.32) Exhibit A - January 7 Email, # 2 (p.40) Exhibit B - February 4 Email, # 3 (p.41) Exhibit C - March 11 Email, # 4 (p.43) Exhibit D - March 10 Email, # 5 (p.47) Exhibit E - March 11 Email, # 6 (p.50) Exhibit F - Affidavit of Daniel Waide)(Waide, Daniel) (Entered: 03/14/2014) |
| 03/18/2014 | 52 (p.199) | RESPONSE to Motion re 51 (p.175) MOTION to Compel *Discovery* filed by All American Check Cashing, Inc. (Attachments: # 1 (p.32) Exhibit 03.05.14 e-mail, # 2 (p.40) Exhibit 03.17.14 e-mail)(Rasmussen - PHV, Robin) (Entered: 03/18/2014) |
| 03/18/2014 | | DOCKET ANNOTATION as to Doc. 52 (p.199) : L.U.Civ.R. 7(b)(2) requires that all supporting exhibits to a document be denominated by an exhibit letter or number and a meaningful description. Attorney is advised to follow this rule in future filings. ADDITIONALLY, pursuant to Fed.R.Cr.P. Rule 49(d) and Fed.R.Civ.P. Rule 84, appendix form 2 states that date, signature, address, e-mail address and telephone number are used at the conclusion of pleadings and other papers that require a signature. Document is undated, but the date will be construed as the date of electronic filing. Attorney is advised to follow this rule in future filings. (DM) (Entered: 03/18/2014) |
| 03/20/2014 | 53 (p.205) | NOTICE of Service of Response to Interrogatories by Ambrea Fairchild (Waide, Daniel) (Entered: 03/20/2014) |

| 03/25/2014 | 54 (p.207) | NOTICE to Take Deposition of Daniel Fowler by Ambrea Fairchild (Waide, Daniel) (Entered: 03/25/2014) |
|---|---|---|
| 03/25/2014 | 55 (p.209) | NOTICE to Take Deposition of Mark Hendricks by Ambrea Fairchild (Waide, Daniel) (Entered: 03/25/2014) |
| 03/25/2014 | 56 (p.211) | RESPONSE in Support re 51 (p.175) MOTION to Compel *Discovery* filed by Ambrea Fairchild (Waide, Daniel) (Entered: 03/25/2014) |
| 04/01/2014 | 57 (p.214) | NOTICE of Appearance by Ben Alexander on behalf of All American Check Cashing, Inc. (Alexander, Ben) (Entered: 04/01/2014) |
| 04/02/2014 | 58 (p.216) | MOTION to Compel *RESPONSES TO INTERROGATORIES* by All American Check Cashing, Inc. (Rasmussen - PHV, Robin) (Entered: 04/02/2014) |
| 04/02/2014 | 59 (p.219) | MEMORANDUM in Support re 58 (p.216) MOTION to Compel *RESPONSES TO INTERROGATORIES* filed by All American Check Cashing, Inc. (Attachments: # 1 (p.32) Exhibit INTERROGATORIES, # 2 (p.40) Exhibit RESPONSES, # 3 (p.41) Exhibit 04.01.14 LETTER)(Rasmussen - PHV, Robin) (Entered: 04/02/2014) |
| 04/02/2014 | | DOCKET ANNOTATION as to Doc. 58 (p.216) , 59 (p.219) : Pursuant to Fed.R.Cr.P. Rule 49(d) and Fed.R.Civ.P. Rule 84, appendix form 2 states that date, signature, address, e-mail address and telephone number are used at the conclusion of pleadings and other papers that require a signature. Document is undated, but the date will be construed as the date of electronic filing. Attorney is advised to follow this rule in future filings. ADDITIONALLY, L.U.Civ.R. 7(b)(2) requires that all supporting exhibits to a document be denominated by an exhibit letter or number and a meaningful description. Attorney is advised to follow this rule in future filings. (DM) (Entered: 04/02/2014) |
| 04/02/2014 | 60 (p.242) | NOTICE of Service of *Second* Response to Request for Production by Ambrea Fairchild (Waide, Daniel) (Entered: 04/02/2014) |
| 04/03/2014 | 61 (p.244) | MOTION to Strike 45 (p.164) Notice of Service of Designation of Experts by Ambrea Fairchild (Attachments: # 1 (p.32) Exhibit A - Farrington Webpage, # 2 (p.40) Exhibit B - Designation of Opinion Witness)(Waide, Daniel) (Entered: 04/03/2014) |
| 04/03/2014 | 62 (p.279) | MEMORANDUM in Support re 61 (p.244) MOTION to Strike 45 (p.164) Notice of Service of Designation of Experts filed by Ambrea Fairchild (Waide, Daniel) (Entered: 04/03/2014) |
| 04/03/2014 | 63 (p.288) | Minute Entry for proceedings held before Magistrate Judge Michael T. Parker: Telephonic Motion Hearing held on 4/3/2014 re 51 (p.175) MOTION to Compel *Discovery* filed by Ambrea Fairchild. Daniel M. Waide, McHard & Associates, PLLC for the Plaintiff; Robin Rasmussen and Peter Baskind, Dinkelspiel, Rasmussen & Mink, PLLC for the Defendant. (RB) (Entered: |

| | | |
|---|---|---|
| | | 04/03/2014) |
| 04/04/2014 | 64 (p.289) | ORDER as to 51 (p.175) Motion to Compel: All discovery issues having been resolved except for the deposition location, the motion is moot. The deposition will take place in Long Beach or Gulfport, MS. Signed by Magistrate Judge Michael T. Parker on April 3, 2014 (KPM) (Entered: 04/04/2014) |
| 04/04/2014 | | DOCKET ANNOTATION as to Minute Entry of 4/3/14: the document associated with this entry was linked in error and should be disregarded. It was docketed at 64 (p.289) correctly. (KPM) (Entered: 04/04/2014) |
| 04/04/2014 | 65 (p.290) | ORDER Setting Deadlines re 61 (p.244) MOTION to Strike 45 (p.164) Notice of Service of Designation of Experts filed by Ambrea Fairchild. Defendant shall file a response on or before April 21, 2014; Plaintiff's reply, if any, is due on or before May 1, 2014. Signed by District Judge Keith Starrett on 4/4/2014 (scp) (Entered: 04/04/2014) |
| 04/07/2014 | | Minute Entry for proceedings held before Magistrate Judge Michael T. Parker: Settlement Conference held on 4/7/2014. No settlement was reached. APPEARANCES: Daniel Waide for plaintiff; Lucius Sams, Peter Baskind and Robin Rasmussen for defendants. (KPM) (Entered: 04/07/2014) |
| 04/09/2014 | 66 (p.291) | NOTICE to Take Deposition of BRIAN T. FARRINGTON by All American Check Cashing, Inc. (Rasmussen - PHV, Robin) (Entered: 04/09/2014) |
| 04/09/2014 | | Minute Entry for proceedings held before District Judge Keith Starrett: Telephone Conference held on April 9, 2014 at the request of counsel for the parties. The Court agreed to extend the discovery deadline to April 22, 2014. PARTICIPANTS: Daniel M. Waide on behalf of the Plaintiff; Lucius F. Sams, Jr., Keith Bennett Alexander, Peter D. Baskind and Robin H. Rasmussen on behalf of the Defendants. (dsl) (Entered: 04/09/2014) |
| 04/09/2014 | 67 (p.293) | ORDER Granting Parties Ore Tenus Motion to Modify Scheduling Order. The discovery deadline is extended to April 22, 2014. Defendant's response to Plaintiff's Motion to Strike 6 (p.50) is due on or before May 10, 2014. Plaintiff's reply to same is due on or before May 20, 2014. The motions deadline remains set for May 15, 2014. Signed by District Judge Keith Starrett on April 9, 2014 (dsl) (Entered: 04/09/2014) |
| 04/10/2014 | 68 (p.294) | NOTICE OF STRIKING by All American Check Cashing, Inc. re 58 (p.216) MOTION to Compel RESPONSES TO INTERROGATORIES (Rasmussen - PHV, Robin) (Entered: 04/10/2014) |
| 04/14/2014 | 69 (p.296) | Emergency MOTION for Protective Order by Ambrea Fairchild (Attachments: # 1 (p.32) Exhibit A - Good Faith, # 2 (p.40) Exhibit B - Email Exchange)(Waide, Daniel) (Entered: 04/14/2014) |

| | | |
|---|---|---|
| 04/14/2014 | 70 (p.309) | RESPONSE to Motion re 69 (p.296) Emergency MOTION for Protective Order filed by Ambrea Fairchild (Rasmussen - PHV, Robin) (Entered: 04/14/2014) |
| 04/14/2014 | | TEXT ONLY ORDER denying 58 (p.216) Motion to Compel. Movant having requested in a separate pleading 68 (p.294) that the motion be stricken or withdrawn in anticipation of supplemental responses from the plaintiff, the motion will be denied without prejudice. Signed by Magistrate Judge Michael T. Parker on April 14, 2014 (Parker, Michael) (Entered: 04/14/2014) |
| 04/14/2014 | | TEXT ONLY ORDER SETTING CONFERENCE CALL. A conference call will be held in this case on Tuesday, April 15, 2014, at 3:00 P.M. Plaintiff's attorney shall initiate the call. It is only necessary for one attorney from each party to participate in the call. NO FURTHER WRITTEN ORDER SHALL ISSUE FROM THE COURT. Signed by District Judge Keith Starrett on April 14, 2014 (dsl) (Entered: 04/14/2014) |
| 04/15/2014 | | DOCKET ANNOTATION as to Doc. 70 (p.309) : Pursuant to Fed.R.Cr.P. Rule 49(d) and Fed.R.Civ.P. Rule 84, appendix form 2 states that date, signature, address, e-mail address and telephone number are used at the conclusion of pleadings and other papers that require a signature. Document is undated, but the date will be construed as the date of electronic filing. Attorney is advised to follow this rule in future filings. (DM) (Entered: 04/15/2014) |
| 04/15/2014 | | Minute Entry for proceedings held before District Judge Keith Starrett: Motion Hearing held on 4/15/2014 by telephone re 69 (p.296) Emergency MOTION for Protective Order filed by Ambrea Fairchild. The Court denied the motion for Protective Order. PARTICIPANTS: Daniel M. Waide on behalf of the Plaintiff; Lucius F. Sams, Jr., Peter D. Baskind and Robin H. Rasmussen on behalf of the Defendant. (dsl) (Entered: 04/15/2014) |
| 04/15/2014 | | TEXT ONLY ORDER denying Plaintiff's 69 (p.296) Motion for Protective Order. The Court finds that the deposition of Defendant All American Check Cashing, Inc.'s expert, Brian Farrington, shall go forward as scheduled via telephone. NO FURTHER WRITTEN ORDER SHALL ISSUE FROM THE COURT. Signed by District Judge Keith Starrett on April 15, 2014 (dsl) (Entered: 04/15/2014) |
| 04/16/2014 | 71 (p.316) | NOTICE of Service of *Supplemental Initial* Disclosure by Ambrea Fairchild (Waide, Daniel) (Entered: 04/16/2014) |
| 05/09/2014 | 72 (p.318) | RESPONSE to Motion re 61 (p.244) MOTION to Strike 45 (p.164) Notice of Service of Designation of Experts filed by All American Check Cashing, Inc. (Attachments: # 1 (p.32) Appendix farrington depo, # 2 (p.40) Appendix owens, # 3 (p.41) Exhibit AACC expert designation, # 4 (p.43) Exhibit rosamond, # 5 (p.47) Exhibit amended depo notice, # 6 (p.50) Exhibit farrington little report)(Rasmussen - PHV, Robin) (Entered: 05/09/2014) |

| | | |
|---|---|---|
| 05/12/2014 | | DOCKET ANNOTATION as to Doc. 72 (p.318) : L.U.Civ.R. 7(b)(2) requires that all supporting exhibits to a document be denominated by an exhibit letter or number and a meaningful description. Attorney is advised to follow this rule in future filings. ADDITIONALLY, pursuant to Fed.R.Cr.P. Rule 49(d) and Fed.R.Civ.P. Rule 84, appendix form 2 states that date, signature, address, e-mail address and telephone number are used at the conclusion of pleadings and other papers that require a signature. Document is undated, but the date will be construed as the date of electronic filing. Attorney is advised to follow this rule in future filings. (DM) (Entered: 05/12/2014) |
| 05/13/2014 | 73 (p.449) | NOTICE of Service of *Fairchild's First Supplemental* Response to Interrogatories by Ambrea Fairchild (Waide, Daniel) (Entered: 05/13/2014) |
| 05/13/2014 | 74 (p.451) | NOTICE of Service of *Fairchild's First Supplemental* Response to Request for Production by Ambrea Fairchild (Waide, Daniel) (Entered: 05/13/2014) |
| 05/15/2014 | 75 (p.453) | MOTION for Summary Judgment by All American Check Cashing, Inc. (Rasmussen - PHV, Robin) (Entered: 05/15/2014) |
| 05/15/2014 | 76 (p.455) | MEMORANDUM in Support re 75 (p.453) MOTION for Summary Judgment filed by All American Check Cashing, Inc. (Attachments: # 1 (p.32) Appendix app 1 - fairchild depo, # 2 (p.40) Appendix app 2 - law depo, # 3 (p.41) Appendix app 3 - fowler depo, # 4 (p.43) Exhibit ex 1 - job description, # 5 (p.47) Exhibit ex 2 - farrington report, # 6 (p.50) Exhibit ex 3 - ethridge report)(Rasmussen - PHV, Robin) (Entered: 05/15/2014) |
| 05/15/2014 | | TEXT ORDER re 75 (p.453) MOTION for Summary Judgment filed by All American Check Cashing, Inc. Plaintiff shall file a response to the Motion for Summary Judgment 75 (p.453) on or before May 2, 2014. L.U.Civ.R. 7(b)(4); Fed. R. Civ. P. 6(a), (d). Defendant may then file a reply on or before May 12, 2014. L.U.Civ.R. 7(b)(4); Fed. R. Civ. P. 6(a), (d). If any party wants an extension of time, they must file a motion prior to the deadline's expiration and represent in the motion whether the extension is opposed. L.U.Civ.R. 7(b)(10). The parties must also comply with the briefing length requirements as provided in L.U.Civ.R. 7(b)(5). No further order will issue. Signed by District Judge Keith Starrett on 5/15/14. (cb) (Entered: 05/15/2014) |
| 05/15/2014 | 77 (p.610) | MOTION for Partial Summary Judgment by Ambrea Fairchild (Waide, Daniel) (Entered: 05/15/2014) |
| 05/15/2014 | 78 (p.614) | MEMORANDUM in Support re 77 (p.610) MOTION for Partial Summary Judgment filed by Ambrea Fairchild (Attachments: # 1 (p.32) Exhibit A - Overtime Calculation Chart, # 2 (p.40) Exhibit B - Affidavit of Ambrea Fairchild, # 3 (p.41) Exhibit C - Affidavit of Briana Johnson, # 4 (p.43) Exhibit D - Affidavit of Jessica Welch, # 5 (p.47) Exhibit E - Excerpts from Deposition of Laura Faulkner, # 6 (p.50) Exhibit F - Excerpts from Deposition of Ambrea Fairchild, # 7 (p.57) Exhibit G - Computer Login |

15-60190.13

| | | |
|---|---|---|
| | | Reports, # 8 (p.58) Exhibit H - AACCs Responses to Fairchilds Request for Admissions)(Waide, Daniel) (Entered: 05/15/2014) |
| 05/15/2014 | | TEXT ORDER re 77 (p.610) MOTION for Partial Summary Judgment filed by Ambrea Fairchild. Defendant shall file a response to the Motion for Partial Summary Judgment 77 (p.610) on or before May 2, 2014. L.U.Civ.R. 7(b)(4); Fed. R. Civ. P. 6(a), (d). Plaintiff may then file a reply on or before May 12, 2014. L.U.Civ.R. 7(b)(4); Fed. R. Civ. P. 6(a), (d). If any party wants an extension of time, they must file a motion prior to the deadline's expiration and represent in the motion whether the extension is opposed. L.U.Civ.R. 7(b)(10). The parties must also comply with the briefing length requirements as provided in L.U.Civ.R. 7(b)(5). No further order will issue. Signed by District Judge Keith Starrett on 5/15/2014.(cb) (Entered: 05/15/2014) |
| 05/15/2014 | 79 (p.781) | MOTION PRECLUDE USE OF UNTIMELY DISCLOSURES re 74 (p.451) Notice of Service of Response to Production, 73 (p.449) Notice of Service of Response to Interrogatories by All American Check Cashing, Inc. (Attachments: # 1 (p.32) Exhibit EX A - EMAIL)(Rasmussen - PHV, Robin) (Entered: 05/15/2014) |
| 05/15/2014 | 80 (p.784) | MEMORANDUM in Support re 79 (p.781) MOTION PRECLUDE USE OF UNTIMELY DISCLOSURES re 74 (p.451) Notice of Service of Response to Production, 73 (p.449) Notice of Service of Response to Interrogatories filed by All American Check Cashing, Inc. (Attachments: # 1 (p.32) Exhibit EX 1 - SUPPLEMENTAL RESPONSES)(Rasmussen - PHV, Robin) (Entered: 05/15/2014) |
| 05/15/2014 | | TEXT ORDER re 79 (p.781) MOTION PRECLUDE USE OF UNTIMELY DISCLOSURES re 74 (p.451) Notice of Service of Response to Production, 73 (p.449) Notice of Service of Response to Interrogatories filed by All American Check Cashing, Inc. Plaintiff shall file a response to the Motion to Exclude 79 (p.781) on or before May 2, 2014. L.U.Civ.R. 7(b)(4); Fed. R. Civ. P. 6(a), (d). Defendant may then file a reply on or before May 12, 2014. L.U.Civ.R. 7(b)(4); Fed. R. Civ. P. 6(a), (d). If any party wants an extension of time, they must file a motion prior to the deadline's expiration and represent in the motion whether the extension is opposed. L.U.Civ.R. 7(b)(10). The parties must also comply with the briefing length requirements as provided in L.U.Civ.R. 7(b)(5). No further order will issue. Signed by District Judge Keith Starrett on 5/15/2014.(cb) (Entered: 05/15/2014) |
| 05/16/2014 | | TEXT ONLY ORDER amending three Text Orders filed 5/15/2014 setting response deadlines for 75 (p.453) Motion for Summary Judgment, 77 (p.610) Motion for Partial Summary Judgment, 79 (p.781) Motion to Preclude Use of Untimely Disclosures. The Orders are amended to reflect that the correct response deadline for each motion is on or before June 2, 2014; and the correct rebuttal deadline for each motion is on or before June 12, 2014. Signed by District Judge Keith Starrett on |

| | | |
|---|---|---|
| | | 5/16/2014. NO FURTHER WRITTEN ORDER WILL ISSUE FROM THE COURT. (scp) (Entered: 05/16/2014) |
| 05/19/2014 | 81 (p.792) | REPLY to Response to Motion re 61 (p.244) MOTION to Strike 45 (p.164) Notice of Service of Designation of Experts filed by Ambrea Fairchild (Attachments: # 1 (p.32) Exhibit A - Farrington's Report)(Waide, Daniel) (Entered: 05/19/2014) |
| 06/02/2014 | 82 (p.825) | RESPONSE to Motion re 77 (p.610) MOTION for Partial Summary Judgment filed by All American Check Cashing, Inc. (Attachments: # 1 (p.32) Appendix Fairchild Deposition, # 2 (p.40) Appendix Albaugh Case, # 3 (p.41) Appendix Johnson Deposition, # 4 (p.43) Appendix Welch Deposition, # 5 (p.47) Appendix Farrington Deposition, # 6 (p.50) Appendix Faulkner Deposition)(Baskind - PHV, Peter) (Entered: 06/02/2014) |
| 06/02/2014 | 83 (p.923) | MOTION to Strike *Affidavit of Ambrea Fairchild (Doc. 78-2)* by All American Check Cashing, Inc. (Attachments: # 1 (p.32) Exhibit e-mail)(Baskind - PHV, Peter) (Entered: 06/02/2014) |
| 06/02/2014 | 84 (p.926) | MEMORANDUM in Support re 83 (p.923) MOTION to Strike *Affidavit of Ambrea Fairchild (Doc. 78-2)* filed by All American Check Cashing, Inc. (Attachments: # 1 (p.32) Appendix Albaugh Case, # 2 (p.40) Appendix Fairchild Deposition)(Baskind - PHV, Peter) (Entered: 06/02/2014) |
| 06/02/2014 | 85 (p.977) | MOTION to Strike *Affidavit of Briana Johnson (Doc. 78-3)* by All American Check Cashing, Inc. (Attachments: # 1 (p.32) Exhibit e-mail)(Baskind - PHV, Peter) (Entered: 06/02/2014) |
| 06/02/2014 | 86 (p.980) | MEMORANDUM in Support re 85 (p.977) MOTION to Strike *Affidavit of Briana Johnson (Doc. 78-3)* filed by All American Check Cashing, Inc. (Attachments: # 1 (p.32) Appendix Albaugh Case, # 2 (p.40) Appendix Johnson Deposition)(Baskind - PHV, Peter) (Entered: 06/02/2014) |
| 06/02/2014 | 87 (p.1008) | MOTION to Strike *Affidavit of Jessica Welch (Doc. 78-4)* by All American Check Cashing, Inc. (Attachments: # 1 (p.32) Exhibit e-mail)(Baskind - PHV, Peter) (Entered: 06/02/2014) |
| 06/02/2014 | 88 (p.1011) | MEMORANDUM in Support re 87 (p.1008) MOTION to Strike *Affidavit of Jessica Welch (Doc. 78-4)* filed by All American Check Cashing, Inc. (Attachments: # 1 (p.32) Appendix Albaugh Case, # 2 (p.40) Appendix Welch Deposition)(Baskind - PHV, Peter) (Entered: 06/02/2014) |
| 06/02/2014 | 89 (p.1034) | RESPONSE in Opposition re 75 (p.453) MOTION for Summary Judgment filed by Ambrea Fairchild (Waide, Daniel) (Entered: 06/02/2014) |
| 06/02/2014 | 90 (p.1040) | MEMORANDUM IN OPPOSITION re 75 (p.453) MOTION for Summary Judgment filed by Ambrea Fairchild (Attachments: # 1 (p.32) Exhibit A, Welch v. AACC Complaint, # 2 (p.40) Exhibit B, Johnson v. AACC Complaint, # 3 (p.41) Exhibit C, Excerpts from Deposition of Ambrea Fairchild, # 4 (p.43) Exhibit D, Affidavit of Ambrea Fairchild, # 5 (p.47) Exhibit E, Affidavit of |

15-60190.15

| | | |
|---|---|---|
| | | Briana Johnson, # 6 (p.50) Exhibit F, Affidavit of Jessica Welch, # 7 (p.57) Exhibit G, Excerpts from Deposition of Laura Falkner, # 8 (p.58) Exhibit H, Excerpts from Deposition of Daniel Fowler, # 9 Exhibit I, Computer Login Reports, # 10 (p.65) Exhibit J, Overtime Calculation Chart, # 11 (p.67) Exhibit K, AACCs Responses to Fairchilds Request for Admissions, # 12 (p.69) Exhibit L, Excerpts from Deposition of Mark Hendricks, # 13 (p.71) Exhibit M, Mississippi NSF Rates, # 14 (p.73) Exhibit N, Affidavit of Maxine Gaddis, # 15 (p.75) Exhibit O, Excerpts from AACC Employee Handbook)(Waide, Daniel) (Entered: 06/02/2014) |
| 06/03/2014 | | DOCKET ANNOTATION as to Doc. 82 (p.825) , 83 (p.923) , 84 (p.926) , 85 (p.977) , 86 (p.980) , 87 (p.1008) , 88 (p.1011) : L.U.Civ.R. 7(b)(2) requires that all supporting exhibits to a document be denominated by an exhibit letter or number and a meaningful description. Attorney is advised to follow this rule in future filings. (DM) (Entered: 06/03/2014) |
| 06/03/2014 | 91 (p.1262) | ORDER granting 79 (p.781) Unopposed Motion to Preclude Use of Untimely Disclosures. Signed by Magistrate Judge Michael T. Parker on June 3, 2014 (KPM) (Entered: 06/03/2014) |
| 06/03/2014 | | DOCKET ANNOTATION as to Doc. 90 (p.1040) : If a copy of a previously-filed document is being revised for use in filing, please delete the heading of the previously-filed document which shows the case number, document number and filing date before refiling. This will enable the new heading to be clearly visible. The caption of this document contains errors in format. Please check the pdf document for errors before filing. ADDITIONALLY, L.U.Civ.R. 7(b)(2) requires that all supporting exhibits to a document be denominated by an exhibit letter or number and a meaningful description. Attorney is advised to follow this rule in future filings. (DM) (Entered: 06/03/2014) |
| 06/03/2014 | 92 (p.1263) | ORDER Setting Deadlines and Dates for Responses/Rebuttals to Defendant's Motions to Strike [83, 85, 87]. Plaintiff's Responses to same are due on or before June 19, 2014. Defendant's Rebuttals, if desired, are due on or before June 30, 2014. Signed by District Judge Keith Starrett on June 3, 2014 (dsl) (Entered: 06/03/2014) |
| 06/09/2014 | 93 (p.1264) | REPLY to Response to Motion re 90 (p.1040) Memorandum in Opposition,,, filed by All American Check Cashing, Inc. (Attachments: # 1 (p.32) Appendix Fairchild Deposition, # 2 (p.40) Appendix Law 30b6 Deposition, # 3 (p.41) Appendix Fowler Deposition, # 4 (p.43) Appendix Johnson Deposition, # 5 (p.47) Affidavit Law 30b6 -Welch, # 6 (p.50) Affidavit Welch Deposition)(Baskind - PHV, Peter) (Entered: 06/09/2014) |
| 06/09/2014 | 94 (p.1342) | MOTION to Strike *Affidavit of Ambrea Fairchild - Doc. 90-4* by All American Check Cashing, Inc. (Attachments: # 1 (p.32) Exhibit 06.06.14 email)(Baskind - PHV, Peter) (Entered: 06/09/2014) |

| 06/09/2014 | 95 (p.1345) | MEMORANDUM in Support re 94 (p.1342) MOTION to Strike *Affidavit of Ambrea Fairchild - Doc. 90-4* filed by All American Check Cashing, Inc. (Attachments: # 1 (p.32) Appendix Albaugh Case, # 2 (p.40) Affidavit Fairchild Deposition)(Baskind - PHV, Peter) (Entered: 06/09/2014) |
| --- | --- | --- |
| 06/09/2014 | 96 | **ERROR**Disregard this entry. MOTION to Strike *Affidavit of Briana Johnson - Doc. 90-5* by All American Check Cashing, Inc. (Attachments: # 1 (p.32) Exhibit 06.06.14 email)(Baskind - PHV, Peter) Modified on 6/10/2014 (DM). (Entered: 06/09/2014) |
| 06/09/2014 | 97 (p.1395) | MEMORANDUM in Support re 96 MOTION to Strike *Affidavit of Briana Johnson - Doc. 90-5* filed by All American Check Cashing, Inc. (Attachments: # 1 (p.32) Appendix Albaugh Case, # 2 (p.40) Appendix Johnson Deposition)(Baskind - PHV, Peter) (Entered: 06/09/2014) |
| 06/09/2014 | 98 (p.1423) | MOTION to Strike *Affidavit of Jessica Welch - Doc. 90-6* by All American Check Cashing, Inc. (Attachments: # 1 (p.32) Exhibit 06.06.14 email)(Baskind - PHV, Peter) (Entered: 06/09/2014) |
| 06/09/2014 | 99 (p.1426) | MEMORANDUM in Support re 98 (p.1423) MOTION to Strike *Affidavit of Jessica Welch - Doc. 90-6* filed by All American Check Cashing, Inc. (Attachments: # 1 (p.32) Appendix Albaugh Case, # 2 (p.40) Appendix Welch Deposition)(Baskind - PHV, Peter) (Entered: 06/09/2014) |
| 06/10/2014 | | DOCKET ANNOTATION as to Doc. 94 (p.1342) , 95 (p.1345) , 96 , 97 (p.1395) , 98 (p.1423) , 99 (p.1426) : L.U.Civ.R. 7(b)(2) requires that all supporting exhibits to a document be denominated by an exhibit letter or number and a meaningful description. Attorney is advised to follow this rule in future filings. (DM) (Entered: 06/10/2014) |
| 06/10/2014 | | DOCKET ANNOTATION as to Doc. 96 : Incorrect document attached. Attorney is directed to refile and attach the correct pdf document. (DM) (Entered: 06/10/2014) |
| 06/10/2014 | | (Court only) ***Motions terminated: 96 MOTION to Strike *Affidavit of Briana Johnson - Doc. 90-5* filed by All American Check Cashing, Inc.. (DM) (Entered: 06/10/2014) |
| 06/10/2014 | | DOCKET ANNOTATION as to Doc. 93 (p.1264) : Incorrect linkage made. Reply to Response to Motion should be linked to 75 (p.453) Motion for Summary Judgment. All related filings to motions (using the "Responses and Replies" category, with the exception of "Response to Order") should be linked back to the original motion. Court staff has made the correction. ADDITIONALLY, L.U.Civ.R. 7(b)(2) requires that all supporting exhibits to a document be denominated by an exhibit letter or number and a meaningful description. Attorney is advised to follow this rule in future filings. (DM) (Entered: 06/10/2014) |
| 06/10/2014 | 100 (p.1449) | MOTION to Strike *Affidavit of Briana Johnson - Doc.90-5* by All American Check Cashing, Inc. (Attachments: # 1 (p.32) Exhibit Ex A - 06.06.14 email)(Baskind - PHV, Peter) (Entered: |

| | | |
|---|---|---|
| | | 06/10/2014) |
| 06/10/2014 | 101 (p.1452) | ORDER Setting Deadlines and Dates for Response/Rebuttal to Defendant's Motions to Strike [94, 96, 98]. Plaintiff's Responses to said motions shall be due on or before June 26, 2014. Defendant's Rebuttals, if desired, shall be due on or before July 7, 2014. Signed by District Judge Keith Starrett on June 10, 2014 (dsl) (Entered: 06/10/2014) |
| 06/10/2014 | 102 (p.1454) | REPLY to Response to Motion re 77 (p.610) MOTION for Partial Summary Judgment *in support* filed by Ambrea Fairchild (Attachments: # 1 (p.32) Exhibit A, # 2 (p.40) Exhibit B, # 3 (p.41) Exhibit C)(Waide, Daniel) (Entered: 06/10/2014) |
| 06/11/2014 | | DOCKET ANNOTATION as to Doc. 102 (p.1454) : L.U.Civ.R. 7(b)(2) requires that all supporting exhibits to a document be denominated by an exhibit letter or number and a meaningful description. Attorney is advised to follow this rule in future filings. (DM) (Entered: 06/11/2014) |
| 06/16/2014 | 103 (p.1484) | Response in Opposition re 83 (p.923) MOTION to Strike *Affidavit of Ambrea Fairchild (Doc. 78-2)* by All American Check Cashing, Inc. (Attachments: # 1 (p.32) Exhibit e-mail)(Baskind - PHV, Peter) filed by Ambrea Fairchild (Attachments: # 1 (p.32) Exhibit Depo excerpts Hendricks, # 2 (p.40) Exhibit Depo excerpts of Johnson, # 3 (p.41) Exhibit Depo excerpts of Fairchild, # 4 (p.43) Exhibit Performance Record, # 5 (p.47) Exhibit Depo excerpts of Faulkner, # 6 (p.50) Exhibit Depo excerpts of Fowler)(Waide, Daniel) (Entered: 06/16/2014) |
| 06/16/2014 | 104 (p.1515) | Response in Opposition re 85 (p.977) MOTION to Strike *Affidavit of Briana Johnson (Doc. 78-3)* by All American Check Cashing, Inc. (Attachments: # 1 (p.32) Exhibit e-mail)(Baskind - PHV, Peter) filed by Ambrea Fairchild (Attachments: # 1 (p.32) Exhibit Depo excerpts of Johnson)(Waide, Daniel) (Entered: 06/16/2014) |
| 06/16/2014 | 105 (p.1529) | Response in Opposition re 87 (p.1008) MOTION to Strike *Affidavit of Jessica Welch (Doc. 78-4)* by All American Check Cashing, Inc. (Attachments: # 1 (p.32) Exhibit e-mail)(Baskind - PHV, Peter) filed by Ambrea Fairchild (Attachments: # 1 (p.32) Exhibit Depo excerpts of Welch, # 2 (p.40) Exhibit Employee Handbook)(Waide, Daniel) (Entered: 06/16/2014) |
| 06/17/2014 | | DOCKET ANNOTATION as to Doc. 103 (p.1484) , 104 (p.1515) , 105 (p.1529) : Incorrect division listed. The correct division is EASTERN. Attorney is advised to use new division name in future filings. ADDITIONALLY, L.U.Civ.R. 7(b)(2) requires that all supporting exhibits to a document be denominated by an exhibit letter or number and a meaningful description. Attorney is advised to follow this rule in future filings.(DM) (Entered: 06/17/2014) |
| 06/18/2014 | 106 (p.1549) | RESPONSE in Opposition re 94 (p.1342) MOTION to Strike *Affidavit of Ambrea Fairchild - Doc. 90-4* filed by Ambrea Fairchild (Attachments: # 1 (p.32) Exhibit A Depo pgs Hendricks, |

| | | |
|---|---|---|
| | | # 2 (p.40) Exhibit B - Depo pgs Johnson, # 3 (p.41) Exhibit C - Depo pgs Fairchild, # 4 (p.43) Exhibit D - Performance Record, # 5 (p.47) Exhibit E - Depo pgs Faulkner, # 6 (p.50) Exhibit F - Depo Pgs Fowler)(Waide, Daniel) (Entered: 06/18/2014) |
| 06/18/2014 | 107 (p.1580) | RESPONSE in Opposition re 98 (p.1423) MOTION to Strike *Affidavit of Jessica Welch - Doc. 90-6* filed by Ambrea Fairchild (Attachments: # 1 (p.32) Exhibit A Depo pgs Welch, # 2 (p.40) Exhibit B - Handbook)(Waide, Daniel) (Entered: 06/18/2014) |
| 06/18/2014 | 108 (p.1601) | RESPONSE in Opposition re 100 (p.1449) MOTION to Strike *Affidavit of Briana Johnson - Doc.90-5* filed by Ambrea Fairchild (Attachments: # 1 (p.32) Exhibit A-Depo Pg Johnson)(Waide, Daniel) (Entered: 06/18/2014) |
| 06/18/2014 | | DOCKET ANNOTATION as to Doc. 106 (p.1549) : Incorrect division listed. The correct division is EASTERN. Attorney is advised to use new division name in future filings. (DM) (Entered: 06/18/2014) |
| 06/18/2014 | | DOCKET ANNOTATION as to Doc. 108 (p.1601) : Incorrect division listed. The correct division is EASTERN. Attorney is advised to use new division name in future filings. (DM) (Entered: 06/18/2014) |
| 06/30/2014 | 109 (p.1615) | REPLY to Response to Motion re 83 (p.923) MOTION to Strike *Affidavit of Ambrea Fairchild (Doc. 78-2)* filed by All American Check Cashing, Inc. (Baskind - PHV, Peter) (Entered: 06/30/2014) |
| 06/30/2014 | 110 (p.1628) | REPLY to Response to Motion re 87 (p.1008) MOTION to Strike *Affidavit of Jessica Welch (Doc. 78-4)* filed by All American Check Cashing, Inc. (Baskind - PHV, Peter) (Entered: 06/30/2014) |
| 06/30/2014 | 111 (p.1637) | REPLY to Response to Motion re 85 (p.977) MOTION to Strike *Affidavit of Briana Johnson (Doc. 78-3)* filed by All American Check Cashing, Inc. (Baskind - PHV, Peter) (Entered: 06/30/2014) |
| 07/07/2014 | 112 (p.1649) | REPLY to Response 90 (p.1040) Memorandum in Opposition to Motion re 83 (p.923) Motion to Strike Affidavit of Ambrea Fairchild *Reply to Doc 103 - Response to Motion to Strike Fairchild Affidavit* filed by All American Check Cashing, Inc. (Baskind - PHV, Peter) Modified on 7/9/2014 (LDR). (Entered: 07/07/2014) |
| 07/07/2014 | 113 (p.1662) | REPLY to Response to 85 (p.977) Motion to Strike the Affidavit of Briana Johnson re 90 (p.1040) Memorandum in Opposition,,, *Reply to Doc 104 - Response to Motion to Strike Affidavit of Briana Johnson* filed by All American Check Cashing, Inc. (Baskind - PHV, Peter) Modified on 7/9/2014 (LDR). (Entered: 07/07/2014) |
| 07/07/2014 | 114 (p.1674) | REPLY to Response to Motion 87 (p.1008) Motion to Strike the Affidavit of Jessica Welch re 90 (p.1040) Memorandum in |

15-60190.19

| | | |
|---|---|---|
| | | Opposition,,, *Reply to Doc. 105 - Response to Motion to Strike Affidavit of Jessica Welch* filed by All American Check Cashing, Inc. (Baskind - PHV, Peter) Modified on 7/9/2014 (LDR). (Entered: 07/07/2014) |
| 07/09/2014 | | DOCKET ANNOTATION as to 112 (p.1649) : Incorrect linkage made. Defendant's Reply to Response in Opposition to Defendant's Motion to Strike Affidavit of Amvrea Fairchild should be linked to 83 (p.923) Motion to Strike Affidavit of Ambrea Fairchild. All related filings to motions (using the "Responses and Replies" category, with the exception of "Response to Order") should be linked back to the original motion. Court staff has made the correction. (LDR) (Entered: 07/09/2014) |
| 07/09/2014 | | DOCKET ANNOTATION as to 113 (p.1662) : Incorrect linkage made. Defendant's Reply to Response in Opposition to Defendant's Motion to Strike Affidavit of Briana Johnson should be linked to 85 (p.977) Motion to Strike the Affidavit of Briana Johnson. All related filings to motions (using the "Responses and Replies" category, with the exception of "Response to Order") should be linked back to the original motion. Court staff has made the correction. (LDR) (Entered: 07/09/2014) |
| 07/09/2014 | | DOCKET ANNOTATION as to 114 (p.1674) : Incorrect linkage made. Defendant's Reply to Response in Opposition to Defendant's Motion to Strike Affidavit Jessica Welch should be linked to 87 (p.1008) Motion to Strike the Affidavit of Jessica Welch. All related filings to motions (using the "Responses and Replies" category, with the exception of "Response to Order") should be linked back to the original motion. Court staff has made the correction. (LDR) (Entered: 07/09/2014) |
| 07/16/2014 | 115 (p.1683) | MEMORANDUM OPINION AND ORDER granting in part and denying in part 61 (p.244) Motion to Strike. Signed by District Judge Keith Starrett on 7/16/2014 (scp) (Entered: 07/16/2014) |
| 07/22/2014 | 116 (p.1687) | ORDER to Supplement the Record. Defendant is ordered to supplement the record and file copies of the complete transcripts of the depositions of Plaintiff, Briana Johnson, and Jessica Welch. Defendant shall supplement the record on or before July 25, 2014. Signed by District Judge Keith Starrett on July 22, 2014 (dsl) (Entered: 07/22/2014) |
| 07/22/2014 | 117 (p.1688) | ATTACHMENT re 94 (p.1342) MOTION to Strike *Affidavit of Ambrea Fairchild - Doc. 90-4*, 83 (p.923) MOTION to Strike *Affidavit of Ambrea Fairchild (Doc. 78-2) Deposition of Ambrea Fairchild Pursuant to Order - Doc. 116* by All American Check Cashing, Inc. (Rasmussen - PHV, Robin) (Entered: 07/22/2014) |
| 07/22/2014 | 118 (p.1758) | ATTACHMENT re 85 (p.977) MOTION to Strike *Affidavit of Briana Johnson (Doc. 78-3)*, 100 (p.1449) MOTION to Strike *Affidavit of Briana Johnson - Doc.90-5 Deposition of Briana Johnson Pursuant to Order - Doc. 116* by All American Check Cashing, Inc. (Rasmussen - PHV, Robin) (Entered: 07/22/2014) |

| 07/22/2014 | 119 (p.1811) | ATTACHMENT re 87 (p.1008) MOTION to Strike *Affidavit of Jessica Welch (Doc. 78-4)*, 98 (p.1423) MOTION to Strike *Affidavit of Jessica Welch - Doc. 90-6 Deposition of Jessica Welch Pursuant to Order - Doc. 116* by All American Check Cashing, Inc. (Rasmussen - PHV, Robin) (Entered: 07/22/2014) |
|---|---|---|
| 07/24/2014 | 120 (p.1846) | MOTION to Withdraw as Attorney by Ambrea Fairchild (McHard, Samuel) (Entered: 07/24/2014) |
| 07/24/2014 | | DOCKET ANNOTATION as to Doc. 120 (p.1846) : Proposed orders are not to be electronically filed as a separate pleading or as an attachment to a pleading, but instead are to be provided to chambers by e-mail (Court's Administrative Procedures for Electronic Case Filing Sec.5.B.). (DM) (Entered: 07/24/2014) |
| 07/28/2014 | | TEXT ONLY ORDER granting 120 (p.1846) Motion to Withdraw as Attorney. Attorney Samuel S. McHard terminated. No further written order will issue. Signed by Magistrate Judge Michael T. Parker on July 28, 2014 (KPM) (Entered: 07/28/2014) |
| 08/11/2014 | 121 (p.1850) | ORDER granting in part and denying in part 83 (p.923) Motion to Strike, 85 (p.977) Motion to Strike, 87 (p.1008) Motion to Strike, 94 (p.1342) Motion to Strike, 98 (p.1423) Motion to Strike and 100 (p.1449) Motion to Strike. Signed by District Judge Keith Starrett on 8/11/2014 (scp) (Entered: 08/11/2014) |
| 08/15/2014 | 122 (p.1853) | MEMORANDUM OPINION AND ORDER denying 75 (p.453) Motion for Summary Judgment; denying 77 (p.610) Motion for Partial Summary Judgment. Signed by District Judge Keith Starrett on 8/15/2014 (scp) (Entered: 08/15/2014) |
| 08/22/2014 | 123 (p.1865) | MOTION to Withdraw as Attorney *of Ben Alexander* by All American Check Cashing, Inc. (Alexander, Ben) (Entered: 08/22/2014) |
| 08/25/2014 | | TEXT ONLY ORDER granting 123 (p.1865) Motion to Withdraw as Attorney. Attorney Ben Alexander terminated. No further written order will issue. Signed by Magistrate Judge Michael T. Parker on August 25, 2014 (KPM) (Entered: 08/25/2014) |
| 09/09/2014 | 124 (p.1867) | MOTION for Disclosure *To Serve Out of Time* by Ambrea Fairchild (Attachments: # 1 (p.32) Exhibit A - Affidavit of Erin Petty, # 2 (p.40) Exhibit B - Affidavit of Alyssa Munn, # 3 (p.41) Exhibit C - Third Supplemental Disclsoures, # 4 (p.43) Exhibit D - Correspondence Between Counsels)(Waide, Daniel) (Entered: 09/09/2014) |
| 09/11/2014 | 125 (p.1885) | RESPONSE to Motion re 124 (p.1867) MOTION for Disclosure *To Serve Out of Time* filed by All American Check Cashing, Inc. (Attachments: # 1 (p.32) Exhibit Ex 1 - Johnson Order, # 2 (p.40) Exhibit Ex 2 - Waide Ltrs, # 3 (p.41) Exhibit Ex 3 - Counsel Email)(Rasmussen - PHV, Robin) (Entered: 09/11/2014) |
| 09/11/2014 | 126 (p.1909) | MOTION to Expedite *Hearing of Motion to Serve Out of Time - Doc. 124* by All American Check Cashing, Inc. (Rasmussen - |

| | | PHV, Robin) (Entered: 09/11/2014) |
|---|---|---|
| 09/18/2014 | 127 (p.1912) | REPLY to Response to Motion re 124 (p.1867) MOTION for Disclosure *To Serve Out of Time* filed by Ambrea Fairchild (Waide, Daniel) (Entered: 09/18/2014) |
| 09/22/2014 | 128 (p.1918) | NOTICE of Hearing: Pretrial Conference set for 10/23/2014 at 11:00 AM in Courtroom 1 (Hattiesburg) before District Judge Keith Starrett. A confidential settlement memorandum shall be submitted to the Court three days prior to the conference. (scp) (Entered: 09/22/2014) |
| 09/23/2014 | 129 (p.1922) | ORDER granting in part and denying in part Plaintiff's 124 (p.1867) Motion to Serve Disclosures Outside of Time. The court grants with respect to fact witnesses Erin Petty and Alyssa Munn, but denies with respect to Alan Crancer. Plaintiff shall serve the supplementary disclosure on or before Friday, September 26, 2014. If Defendant wishes to supplement its discovery responses to include the additional fact witnesses in response to Petty and Munn, it may do so on or before Friday, October 3, 2014. Plaintiff and Defendant may depose any newly identified fact witness, but all depositions must be completed on or before Friday, October 24, 2014. Additionally, the pretrial conference in this matter is moved from October 23, 2014, to November 13, 2014, with a trial term beginning on December 1, 2014. Signed by District Judge Keith Starrett on September 23, 2014 (dsl) (Entered: 09/23/2014) |
| 09/23/2014 | | TEXT ORDER finding as moot 126 (p.1909) Motion to Expedite, as the Court addressed the underlying motion 124 (p.1867). No further order will issue. Signed by District Judge Keith Starrett on 9/23/14. (cb) (Entered: 09/23/2014) |
| 09/23/2014 | | Reset Hearings: Jury Trial reset for a two week term beginning 12/1/2014 in Courtroom 1, Hattiesburg. Pretrial Conference reset for 11/13/2014 at 10:00 AM in Courtroom 1 (Hattiesburg) before District Judge Keith Starrett (dsl) (Entered: 09/23/2014) |
| 09/24/2014 | 130 (p.1927) | Joint MOTION to Continue *Trial* by All American Check Cashing, Inc. (Rasmussen, Robin) (Entered: 09/24/2014) |
| 09/24/2014 | 131 (p.1930) | NOTICE to Take Deposition of ERIN PETTY by All American Check Cashing, Inc. (Rasmussen, Robin) (Entered: 09/24/2014) |
| 09/24/2014 | 132 (p.1932) | NOTICE to Take Deposition of ALYSSA MUNN by All American Check Cashing, Inc. (Rasmussen, Robin) (Entered: 09/24/2014) |
| 09/25/2014 | 133 (p.1934) | NOTICE of Service of *Third Supplemental* Disclosure by Ambrea Fairchild (Waide, Daniel) (Entered: 09/25/2014) |
| 09/26/2014 | 134 (p.1936) | ORDER granting Joint 130 (p.1927) Motion to Continue Trial. The Court will set a new trial date at the pretrial conference scheduled for November 13, 2014. Signed by District Judge Keith Starrett on September 26, 2014 (dsl) (Entered: 09/26/2014) |
| 10/02/2014 | 135 (p.1937) | |

15-60190.22

| | | |
|---|---|---|
| | | NOTICE of Service of *SECOND SUPPLEMENTAL INITIAL* Disclosure by All American Check Cashing, Inc. (Attachments: # 1 (p.32) Exhibit Ex A - 2nd Supp Disclosures)(Rasmussen, Robin) (Entered: 10/02/2014) |
| 10/07/2014 | | Minute Entry for proceedings held before District Judge Keith Starrett: Telephone Conference held on 10/7/2014. The Court confirmed the pretrial conference date of November 13, 2014, and set a trial date of November 24, 2014. (dsl) (Entered: 10/07/2014) |
| 10/07/2014 | | Set Hearings: Jury Trial set for 11/24/2014 at 9:00 AM, Courtroom 1, Colmer Federal Building, 701 North Main Street, Hattiesburg, before District Judge Keith Starrett. (dsl) (Entered: 10/07/2014) |
| 10/09/2014 | 136 (p.1948) | Unopposed MOTION to Continue *Trial* by All American Check Cashing, Inc. (Rasmussen, Robin) (Entered: 10/09/2014) |
| 10/09/2014 | | Minute Entry for proceedings held before District Judge Keith Starrett: Telephone Conference held on 10/9/2014 at the request of the Court to discuss the pending motion for continuance. After talking with the parties, the Court continued the Pretrial Conference to December 4, 2014, at 1:00 PM. The Jury trial was continued to February 17, 2015, at 9:00 AM, Courtroom 1, Colmer Federal Building, Hattiesburg, before District Judge Keith Starrett. PARTICIPANTS: Daniel M. Waide on behalf of the Plaintiff; Lucius F. Sams, Jr., Peter D. Baskind, and Robin H. Rasmussen on behalf of Defendants. (dsl) (Entered: 10/09/2014) |
| 10/09/2014 | | TEXT ONLY ORDER granting Defendants' Unopposed 136 (p.1948) Motion to Continue. The Court hereby continues the Pretrial Conference to December 4, 2014, at 1:00 P.M.. The Jury Trial in this matter is continued to February 17, 2015, at 9:00 A.M., Courtroom 1, Colmer Federal Building, Hattiesburg, before U.S. District Judge Keith Starrett. NO FURTHER WRITTEN ORDER SHALL ISSUE FROM THE COURT. Signed by District Judge Keith Starrett on October 9, 2014 (dsl) (Entered: 10/09/2014) |
| 10/14/2014 | 137 (p.1953) | NOTICE to Take Deposition of ERIN PETTY by All American Check Cashing, Inc. (Rasmussen, Robin) (Entered: 10/14/2014) |
| 10/15/2014 | | Minute Entry for proceedings held before Magistrate Judge Michael T. Parker: Telephonic Discovery Hearing held on 10/15/2014. The parties had a dispute regarding questions posed at a deposition and the court provided a ruling. PARTICIPANTS: Daniel Waide for plaintiff; Robin Rasmussen for defendant. (KPM) (Entered: 10/15/2014) |
| 10/15/2014 | 138 (p.1955) | Emergency MOTION for Protective Order by Ambrea Fairchild (Attachments: # 1 (p.32) Exhibit A - Email Correspondence)(Waide, Daniel) (Entered: 10/15/2014) |
| 10/16/2014 | | TEXT ONLY ORDER: As plaintiff's motion 138 (p.1955) for protective order is time sensitive, the court will afford it expedited consideration. Any responses to the motion are due on or before |

| | | |
|---|---|---|
| | | Friday, October 17, 2014. A telephonic hearing on the motion is set for Monday, October 20, 2014 at 2:30 p.m. The parties are to dial 888.273.3658, code 1055457 to connect to the call. No further written order will issue. Signed by Magistrate Judge Michael T. Parker on October 17, 2014 (KPM) (Entered: 10/16/2014) |
| 10/16/2014 | | Set Deadlines as to 138 (p.1955) Emergency MOTION for Protective Order . Telephonic Motion Hearing set for 10/20/2014 2:30 PM before Magistrate Judge Michael T. Parker. (KPM) (Entered: 10/16/2014) |
| 10/16/2014 | | DOCKET ANNOTATION as to Doc. 138 (p.1955) : L.U.Civ.R. 7(b)(2) requires that all supporting exhibits to a document be denominated by an exhibit letter or number and a meaningful description. Attorney is advised to follow this rule in future filings. (DM) (Entered: 10/16/2014) |
| 10/17/2014 | 139 (p.1970) | RESPONSE in Opposition re 138 (p.1955) Emergency MOTION for Protective Order filed by All American Check Cashing, Inc. (Attachments: # 1 (p.32) Exhibit Ex 1 - Email, # 2 (p.40) Exhibit Ex 2 - Petty Deposition, # 3 (p.41) Exhibit Ex 3 - Subpoena)(Baskind - PHV, Peter) (Entered: 10/17/2014) |
| 10/17/2014 | 140 (p.2017) | Emergency MOTION to Quash *or Alternatively, For Protective Order* by Ambrea Fairchild (Attachments: # 1 (p.32) Exhibit A - Subpoena Duces Tecum issued to Alyssa Munn)(Waide, Daniel) (Entered: 10/17/2014) |
| 10/17/2014 | | DOCKET ANNOTATION as to Doc. 139 (p.1970) : L.U.Civ.R. 7(b)(2) requires that all supporting exhibits to a document be denominated by an exhibit letter or number and a meaningful description. Attorney is advised to follow this rule in future filings. (DM) (Entered: 10/17/2014) |
| 10/17/2014 | | (Court only) ***Staff notes: Text Order of 10/16/14 e-mailed and faxed to Lisa Meggs. (KPM) (Entered: 10/17/2014) |
| 10/17/2014 | 141 (p.2028) | RESPONSE in Support re 138 (p.1955) Emergency MOTION for Protective Order filed by Erin L Petty (Meggs, Lisa) (Entered: 10/17/2014) |
| 10/20/2014 | | DOCKET ANNOTATION as to 141 (p.2028) : Joinder in Document was not docketed. Multiple documents filed as one pleading. Attorney is directed to file each document separately (the same PDF document should be used) selecting correct event (L.U.Civ.R. 7). (LDR) (Entered: 10/20/2014) |
| 10/20/2014 | 142 (p.2037) | REPLY to Response to Motion re 141 (p.2028) Response in Support of 138 (p.1955) Motion *for Protective Order* filed by All American Check Cashing, Inc. (Attachments: # 1 (p.32) Exhibit Ex 1 - Subpoena, # 2 (p.40) Exhibit Ex 2 - Meggs Email)(Rasmussen, Robin) Modified on 10/22/2014 (LDR). (Entered: 10/20/2014) |
| 10/20/2014 | | Minute Entry for proceedings held before Magistrate Judge Michael T. Parker: Telephonic Motion Hearing held on |

| | | |
|---|---|---|
| | | 10/20/2014 re 138 (p.1955) Emergency Motion for Protective Order and 140 (p.2017) Emergency MOTION to Quash *or Alternatively, For Protective Order* filed by Ambrea Fairchild. The court heard the arguments of counsel. An order will be entered. PARTICIPANTS: Daniel Waide for plaintiff; Sandy Sams, Peter Baskind and Robin Rasmussen for defendant; Lisa Meggs for Erin Petty. (KPM) Modified on 10/20/2014 (KPM). (Entered: 10/20/2014) |
| 10/20/2014 | 143 (p.2048) | ORDER granting in part and denying in part 138 (p.1955) Motion for Protective Order. Signed by Magistrate Judge Michael T. Parker on October 20, 2014. (js) (Entered: 10/20/2014) |
| 10/20/2014 | | TEXT ONLY ORDER denying 140 (p.2017) Motion to Quash without prejudice. The motion is not accompanied by a good faith certificate. See U.L.Civ.R 37(a) and 45(e). No further written order will issue. Signed by Magistrate Judge Michael T. Parker on October 20, 2014. (Parker, Michael) (Entered: 10/20/2014) |
| 10/21/2014 | 144 (p.2050) | NOTICE of Appearance by L. Christopher Breard on behalf of Alyssa Munn (Breard, L.) (Entered: 10/21/2014) |
| 10/21/2014 | 145 (p.2052) | MOTION to Quash , MOTION for Protective Order by Alyssa Munn (Attachments: # 1 (p.32) Exhibit A- Ms. Munn Subpoena, # 2 (p.40) Exhibit B- Farris Thomas, III Fee Schedule and CV, # 3 (p.41) Exhibit C- Emails)(Breard, L.) (Entered: 10/21/2014) |
| 10/22/2014 | | DOCKET ANNOTATION as to 142 (p.2037) : Incorrect linkage made. Reply to Response should be linked to 138 (p.1955) Motion for Protective Order. All related filings to motions (using the "Responses and Replies" category, with the exception of "Response to Order") should be linked back to the original motion. Court staff has made the correction. (LDR) (Entered: 10/22/2014) |
| 10/22/2014 | | DOCKET ANNOTATION as to Doc. 144 (p.2050) , 145 (p.2052) : Identification of filer is incomplete. L.U.Civ.R. Rule 11.(a) states that all filed, signed documents must contain counsel's name, address, telephone number, fax number, e-mail address and counsel's bar membership identification number. Attorney is advised to comply with this requirement in future filings. ADDITIONALLY, L.U.Civ.R. 7(b)(2) requires that all supporting exhibits to a document be denominated by an exhibit letter or number and a meaningful description. Attorney is advised to follow this rule in future filings. (DM) (Entered: 10/22/2014) |
| 10/22/2014 | 146 (p.2071) | NOTICE *for Request for Oral Argument* by Alyssa Munn re 145 (p.2052) MOTION to Quash MOTION for Protective Order (Breard, L.) (Entered: 10/22/2014) |
| 10/22/2014 | | DOCKET ANNOTATION as to Doc. 146 (p.2071) : Identification of filer is incomplete. L.U.Civ.R. Rule 11.(a) states that all filed, signed documents must contain counsel's name, address, telephone number, fax number, e-mail address and counsel's bar membership identification number. Attorney is |

| | | |
|---|---|---|
| | | advised to comply with this requirement in future filings. (DM) (Entered: 10/22/2014) |
| 10/24/2014 | | Set Deadlines as to 145 (p.2052) MOTION to Quash MOTION for Protective Order . A TELEPHOHNIC Motion Hearing is set for 10/24/2014 3:00 PM before Magistrate Judge Michael T. Parker. Counsel shall dial 888.273.3658, code 1055457 to connect to the call. (KPM) (Entered: 10/24/2014) |
| 10/24/2014 | | Minute Entry for proceedings held before Magistrate Judge Michael T. Parker: Telephonic Motion Hearing held on 10/24/2014 re 145 (p.2052) MOTION to Quash MOTION for Protective Order filed by Alyssa Munn. The court heard argument on the motion and an appropriate order will be entered. PARTICIPANTS: Daniel Waide for plaintiff; Peter Baskind, Robin Rasumussen, Lucius Sams for defendant; Christopher Breard for Alyssa Munn. (KPM) (Entered: 10/24/2014) |
| 10/24/2014 | 147 (p.2073) | ORDER granting in part and denying in part 145 (p.2052) Motion to Quash. Signed by Magistrate Judge Michael T. Parker on October 24, 2014. (js) (Entered: 10/24/2014) |
| 11/10/2014 | | (Court only) ***Motions terminated: 145 (p.2052) MOTION to Quash MOTION for Protective Order filed by Alyssa Munn. This motion was addressed in Order 147 (p.2073) (KPM) (Entered: 11/10/2014) |
| 11/11/2014 | 148 (p.2075) | MOTION Guidance From the Court by All American Check Cashing, Inc. (Attachments: # 1 (p.32) Exhibit Ex 1 - Breard Ltr, # 2 (p.40) Exhibit Ex 2 - Baskind Ltr, # 3 (p.41) Exhibit Ex 3 - Counsel Emails, # 4 (p.43) Exhibit Ex 4 - Pileum Emails)(Rasmussen, Robin) (Entered: 11/11/2014) |
| 11/13/2014 | 149 (p.2089) | RESPONSE in Opposition re 148 (p.2075) MOTION Guidance From the Court filed by Alyssa Munn (Attachments: # 1 (p.32) Exhibit A- Ms. Munn's lost wages letter)(Breard, L.) (Entered: 11/13/2014) |
| 11/20/2014 | 150 (p.2094) | MOTION in Limine *Exclude Evidence of Financial Damages* by All American Check Cashing, Inc. (Rasmussen, Robin) (Entered: 11/20/2014) |
| 11/20/2014 | 151 (p.2096) | MEMORANDUM in Support re 150 (p.2094) MOTION in Limine *Exclude Evidence of Financial Damages* filed by All American Check Cashing, Inc. (Attachments: # 1 (p.32) Appendix Appx 1 - Fairchild Depo)(Rasmussen, Robin) (Entered: 11/20/2014) |
| 11/20/2014 | 152 (p.2103) | MOTION in Limine *to Exclude Discussion of Investigation* by All American Check Cashing, Inc. (Rasmussen, Robin) (Entered: 11/20/2014) |
| 11/20/2014 | 153 (p.2105) | MEMORANDUM IN SUPPORT re 152 (p.2103) MOTION in Limine *to Exclude Discussion of Investigation* filed by All American Check Cashing, Inc. (Rasmussen, Robin) (Entered: 11/20/2014) |

| 11/20/2014 | 154 (p.2109) | MOTION in Limine *to Exclude Testimony of Erin Petty* by All American Check Cashing, Inc. (Rasmussen, Robin) (Entered: 11/20/2014) |
| 11/20/2014 | 155 (p.2111) | MEMORANDUM IN SUPPORT re 154 (p.2109) MOTION in Limine *to Exclude Testimony of Erin Petty* filed by All American Check Cashing, Inc. (Attachments: # 1 (p.32) Appendix Appx 1 - Petty Depo)(Rasmussen, Robin) (Entered: 11/20/2014) |
| 11/20/2014 | 156 (p.2125) | MOTION in Limine *to Exclude Testimony of Alyssa Munn* by All American Check Cashing, Inc. (Rasmussen, Robin) (Entered: 11/20/2014) |
| 11/20/2014 | 157 (p.2127) | MEMORANDUM in Support re 156 (p.2125) MOTION in Limine *to Exclude Testimony of Alyssa Munn* filed by All American Check Cashing, Inc. (Attachments: # 1 (p.32) Appendix Appx 1 - Depo of Munn)(Rasmussen, Robin) (Entered: 11/20/2014) |
| 11/20/2014 | 158 (p.2137) | MOTION in Limine *to Exclude Reference to and Evidence of Welch Suit* by All American Check Cashing, Inc. (Rasmussen, Robin) (Entered: 11/20/2014) |
| 11/20/2014 | 159 (p.2139) | MEMORANDUM in Support re 158 (p.2137) MOTION in Limine *to Exclude Reference to and Evidence of Welch Suit* filed by All American Check Cashing, Inc. (Attachments: # 1 (p.32) Exhibit Ex A - Ps Rule 26, # 2 (p.40) Exhibit Ex B - Ps Supp Rule 26, # 3 (p.41) Exhibit Ex C - Ps 2nd Supp Rule 26, # 4 (p.43) Exhibit Ex D - Ps 3rd Supp Rule 26, # 5 (p.47) Exhibit Ex E - Fairchild Depo, # 6 (p.50) Exhibit Ex F - Welch Depo, # 7 (p.57) Exhibit Ex G - Law Depo, # 8 (p.58) Exhibit Ex H - Hendricks Depo, # 9 Exhibit Ex I - Wms Depo, # 10 (p.65) Appendix Appx 1 - Moore v. BASF)(Rasmussen, Robin) (Entered: 11/20/2014) |
| 11/20/2014 | 160 (p.2221) | MOTION in Limine *to Exclude Reference to and Evidence of Johnson Suit* by All American Check Cashing, Inc. (Rasmussen, Robin) (Entered: 11/20/2014) |
| 11/20/2014 | 161 (p.2223) | MEMORANDUM in Support re 160 (p.2221) MOTION in Limine *to Exclude Reference to and Evidence of Johnson Suit* filed by All American Check Cashing, Inc. (Attachments: # 1 (p.32) Exhibit Ex A - Ps 2nd Supp Rule 26, # 2 (p.40) Exhibit Ex B - Fairchild Depo, # 3 (p.41) Exhibit Ex C - Johnson Depo, # 4 (p.43) Exhibit Ex D - Hendricks Depo)(Rasmussen, Robin) (Entered: 11/20/2014) |
| 11/24/2014 | 162 (p.2274) | ORDER Setting Deadline for Plaintiff's Responses to Defendant's Motions in Limine [150, 152, 154, 156, 158, 160]. Plaintiff's responses to said motions are due on or before December 1, 2014. Signed by District Judge Keith Starrett on November 24, 2014 (dsl) (Entered: 11/24/2014) |
| 11/24/2014 | | Set Deadlines as to 148 (p.2075) MOTION Guidance From the Court . Having confirmed the availability of counsel, a TELEPHONIC Motion Hearing is set for Tuesday, 11/25/2014, 1:30 PM before Magistrate Judge Michael T. Parker. Counsel |

| | | shall call 888.273.3658, code 1055457 to connect to the call. (KPM) (Entered: 11/24/2014) |
|---|---|---|
| 11/25/2014 | | Minute Entry for proceedings held before Magistrate Judge Michael T. Parker: Telephonic Motion Hearing held on 11/25/2014 re 148 (p.2075) MOTION for Guidance From the Court filed by All American Check Cashing, Inc. An order will be entered. PARTICIPANTS: Daniel Waide for plaintiff; Peter Baskind and Robin Rasmussen for defendant; Christopher Breard for Alyssa Munn. (KPM) (Entered: 11/25/2014) |
| 11/25/2014 | 163 (p.2275) | ORDER denying 148 (p.2075) Motion for Guidance from the Court. Signed by Magistrate Judge Michael T. Parker on November 15, 2014. (ES) (Entered: 11/25/2014) |
| 12/01/2014 | 164 (p.2276) | RESPONSE in Opposition re 150 (p.2094) MOTION in Limine *Exclude Evidence of Financial Damages* filed by Ambrea Fairchild (Waide, Daniel) (Entered: 12/01/2014) |
| 12/01/2014 | 165 (p.2280) | RESPONSE in Opposition re 152 (p.2103) MOTION in Limine *to Exclude Discussion of Investigation* filed by Ambrea Fairchild (Attachments: # 1 (p.32) Exhibit A - Welch Deposition Excerpt, # 2 (p.40) Exhibit B - AACC Employee Handbook Excerpt)(Waide, Daniel) (Entered: 12/01/2014) |
| 12/01/2014 | 166 (p.2288) | RESPONSE in Opposition re 154 (p.2109) MOTION in Limine *to Exclude Testimony of Erin Petty* filed by Ambrea Fairchild (Waide, Daniel) (Entered: 12/01/2014) |
| 12/01/2014 | 167 (p.2295) | RESPONSE in Opposition re 156 (p.2125) MOTION in Limine *to Exclude Testimony of Alyssa Munn* filed by Ambrea Fairchild (Waide, Daniel) (Entered: 12/01/2014) |
| 12/01/2014 | 168 (p.2302) | RESPONSE in Opposition re 160 (p.2221) MOTION in Limine *to Exclude Reference to and Evidence of Johnson Suit* filed by Ambrea Fairchild (Waide, Daniel) (Entered: 12/01/2014) |
| 12/01/2014 | 169 (p.2313) | RESPONSE in Opposition re 158 (p.2137) MOTION in Limine *to Exclude Reference to and Evidence of Welch Suit* filed by Ambrea Fairchild (Waide, Daniel) (Entered: 12/01/2014) |
| 12/02/2014 | | DOCKET ANNOTATION as to Doc. 165 (p.2280) : L.U.Civ.R. 7(b)(2) requires that all supporting exhibits to a document be denominated by an exhibit letter or number and a meaningful description. Attorney is advised to follow this rule in future filings. (DM) (Entered: 12/02/2014) |
| 12/03/2014 | 170 (p.2324) | ORDER granting in part and denying in part Defendant's 150 (p.2094) Motion in Limine to Exclude Evidence of Financial Damages; and granting Defendant's 152 (p.2103) Motion in Limine to Exclude Discussion of Investigation. Signed by District Judge Keith Starrett on December 3, 2014 (dsl) (Entered: 12/03/2014) |
| 12/04/2014 | 171 (p.2327) | ORDER granting Defendant's [154, 156] Motions in Limine to Exclude the testimony of Erin Petty and Alyssa Munn concerning |

| | | |
|---|---|---|
| | | comments made by Nathan Williams about Briana Johnson's termination. Signed by District Judge Keith Starrett on December 4, 2014 (dsl) (Entered: 12/04/2014) |
| 12/04/2014 | 172 (p.2331) | ORDER granting Defendant's [158, 160] Motions in Limine to Exclude reference to and evidence of the lawsuits filed by Jessica Lyn Welch and Briana Fulton Johnson. Signed by District Judge Keith Starrett on December 4, 2014 (dsl) (Entered: 12/04/2014) |
| 12/04/2014 | | Minute Entry for proceedings held before Magistrate Judge Michael T. Parker: Settlement Conference held on 12/4/2014. No settlement was reached. APPEARANCES: Daniel Waide for plaintiff; Peter Baskind, Robin Rasmussen and Carol Ann Sistrunk for defendant. (KPM) (Entered: 12/04/2014) |
| 12/04/2014 | | Minute Entry for proceedings held before District Judge Keith Starrett: Pretrial Conference held on 12/4/2014. A jury trial remains set for Tuesday, February 17, 2015. Trial is expected to take four (4) days. The parties are to amend their pretrial order and submit same to the Court. PARTICIPANTS: Daniel M. Waide on behalf of the Plaintiff; Peter Baskind and Robin H. Rasmussen on behalf of the Defendant. (dsl) (Entered: 12/04/2014) |
| 12/16/2014 | 173 (p.2898) | *RESTRICTED* PRETRIAL ORDER. Signed by District Judge Keith Starrett on December 16, 2014 (dsl) (Entered: 12/16/2014) |
| 12/18/2014 | 174 (p.2334) | NOTICE of Receipt of Deposition of AMBREA FAIRCHILD by All American Check Cashing, Inc. (Attachments: # 1 (p.32) Exhibit Deposition Cover Sheet)(Rasmussen, Robin) (Entered: 12/18/2014) |
| 12/18/2014 | 175 (p.2336) | NOTICE *OF FILING AND SERVICE OF DEPOSITION TRANSCRIPT* by All American Check Cashing, Inc. re 174 (p.2334) Notice of Receipt of Deposition (Attachments: # 1 (p.32) Exhibit A - Deposition Transcript)(Rasmussen, Robin) (Entered: 12/18/2014) |
| 01/06/2015 | 176 (p.2426) | Unopposed MOTION TO USE JURY QUESTIONNAIRE by All American Check Cashing, Inc. (Attachments: # 1 (p.32) Exhibit Ex 1 - Counsel Email)(Rasmussen, Robin) (Entered: 01/06/2015) |
| 01/06/2015 | 177 (p.2429) | MEMORANDUM in Support re 176 (p.2426) Unopposed MOTION TO USE JURY QUESTIONNAIRE filed by All American Check Cashing, Inc. (Rasmussen, Robin) (Entered: 01/06/2015) |
| 01/06/2015 | | DOCKET ANNOTATION as to Doc. 176 (p.2426) : An Exhibit named in the document has not been attached. Attorney is directed to submit a copy of the proposed questionnaire to this Court. (DM) (Entered: 01/06/2015) |
| 01/08/2015 | 178 (p.2432) | ORDER denying Defendant's 176 (p.2426) Motion to Use Jury Questionnaire. Signed by District Judge Keith Starrett on January 8, 2015 (dsl) (Entered: 01/08/2015) |

| 02/17/2015 | | Minute Entry for proceedings held before District Judge Keith Starrett: Jury Trial held on 2/17/2015. Voir Dire was conducted by the Court, by Plaintiff's attorney and by Defendant's attorney. A jury of eight was selected and seated. Opening statements were presented by Daniel Waide on behalf of the Plaintiff and by Robin Rasmussen on behalf of the Defendant. Testimony was taken and evidence presented. The trial will continue tomorrow, Wednesday, February 18th, at 9:00 A.M. PARTICIPANTS: Daniel Waide on behalf of the Plaintiff; Lucius F. Sams, Jr., Peter D. Basking and Robin H. Rasmussen on behalf of the Defendant. Court Reporter/Transcriber Fred Jeske, Telephone Number : 601-583-4383. (dsl) (Entered: 02/17/2015) |
|---|---|---|
| 02/18/2015 | | Minute Entry for proceedings held before District Judge Keith Starrett: Jury Trial completed on 2/18/2015. Testimony was taken and evidence was entered. The Plaintiff rested her case and Defendant made a Motion for Directed Verdict. The Court granted the Motion for Directed Verdict and issued a bench opinion. A written Order shall follow. PARTICIPANTS: Daniel Waide on behalf of Plaintiff; Lucius F. Sams, Jr., Peter D. Baskind and Robin H. Rasmussen on behalf of Defendant. Court Reporter/Transcriber Fred Jeske, Telephone Number : 601-583-4383. (dsl) (Entered: 02/18/2015) |
| 02/19/2015 | 179 (p.2906) | *SEALED* Plaintiff's Witness List. (dsl) (Entered: 02/19/2015) |
| 02/19/2015 | 180 (p.2433) | Plaintiff's Exhibit List (dsl) (Entered: 02/19/2015) |
| 02/19/2015 | 181 | *****PLEASE DISREGARD***** THIS DOCUMENT WAS ENTERED IN ERROR. Defendant's Exhibit List (dsl) Modified on 2/19/2015 (dsl). (Entered: 02/19/2015) |
| 02/19/2015 | | TEXT ONLY ORDER sealing the Court's Exhibits. Exhibits C-1 and C-2 for ID only are the peremptory strikes of the Plaintiff and the Defendant and shall be placed under seal by the Clerk of this Court. NO FURTHER WRITTEN ORDER SHALL ISSUE. Signed by District Judge Keith Starrett on February 19, 2015 (dsl) (Entered: 02/19/2015) |
| 02/19/2015 | 182 (p.2434) | Court's Exhibit List (dsl) (Entered: 02/19/2015) |
| 02/19/2015 | 183 (p.2435) | Defendant's Exhibit List (dsl) (Entered: 02/19/2015) |
| 02/19/2015 | | Remark: Please note that additional pages were inadvertently entered in Docket Entry #181. Said document has been corrected and is docketed as Docket Entry #183. (dsl) (Entered: 02/19/2015) |
| 02/20/2015 | 184 (p.2438) | ORDER re Directed Verdict. Signed by District Judge Keith Starrett on February 20, 2015 (dsl) (Entered: 02/20/2015) |
| 02/20/2015 | 185 (p.2439) | JUDGMENT in favor of All American Check Cashing, Inc. The Court having granted Defendants Motion for Directed Verdict, and the Court found in a separate opinion that this case is dismissed with prejudice. Signed by District Judge Keith Starrett on February 20, 2015. (DM) (Entered: 02/20/2015) |

| 02/20/2015 | | (Court only) ***Set CLOSED, Clear TRIAL_SET Flags. (DM) (Entered: 02/20/2015) |
|---|---|---|
| 03/04/2015 | 186 (p.2440) | BILL OF COSTS by All American Check Cashing, Inc. (Attachments: # 1 (p.32) Exhibit Ex A - Transcript Invoices, # 2 (p.40) Exhibit Ex B - Copy Invoices, # 3 (p.41) Exhibit Ex C - Other Costs)(Rasmussen, Robin) (Entered: 03/04/2015) |
| 03/18/2015 | 187 (p.2471) | NOTICE OF APPEAL as to 184 (p.2438) Order, 185 (p.2439) Judgment, by Ambrea Fairchild. Filing fee $ 505, receipt number 0538-2903780. Appeal Record due by 4/2/2015 (Waide, Daniel) (Entered: 03/18/2015) |
| 03/25/2015 | 188 (p.2473) | NOTICE *of Filing of Offer of Judgment* by All American Check Cashing, Inc. (Attachments: # 1 (p.32) Exhibit Ex A - Offer of Judgment)(Rasmussen, Robin) (Entered: 03/25/2015) |
| 03/30/2015 | 189 (p.2480) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT, VOLUME I, for dates of 02/17/2015 before Judge Keith Starrett, re 187 (p.2471) Notice of Appeal Court Reporter/Transcriber Fred Jeske, Telephone Number : 601-583-4383. Tape Number: 02/17/15. NOTICE RE : REDACTION OF TRANSCRIPTS: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no Notice is filed, the transcript will be made electronically available to the public without redaction after 90 calendar days. The policy is located on the court website at www.mssd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/20/2015. Redacted Transcript Deadline set for 4/30/2015. Release of Transcript Restriction set for 6/29/2015. (FWJ) (Entered: 03/30/2015) |
| 03/30/2015 | 190 (p.2664) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT, VOLUME II, for dates of 2/18/2015 before Judge Keith Starrett, re 187 (p.2471) Notice of Appeal Court Reporter/Transcriber Fred Jeske, Telephone Number : 601-583-4383. Tape Number: 02/18/15. NOTICE RE : REDACTION OF TRANSCRIPTS: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no Notice is filed, the transcript will be made electronically available to the public without redaction after 90 calendar days. The policy is located on the court website at www.mssd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/20/2015. Redacted Transcript Deadline set for 4/30/2015. Release of Transcript Restriction set for 6/29/2015. (FWJ) (Entered: 03/30/2015) |
| 04/06/2015 | 191 (p.2478) | USCA Case Number 15-60190 for 187 (p.2471) Notice of Appeal filed by Ambrea Fairchild. (DM) (Entered: 04/06/2015) |

# Tab 2.

# Complaint

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

MAY 06 2013

J T NOBLIN CLERK
BY_____ DEPUTY

AMBREA FAIRCHILD                                                    **PLAINTIFF**

**VERSUS**                                CIVIL ACTION NO.: 2:13cv92-KS-MTP

ALL AMERICAN CHECK CASHING, INC.,
a Mississippi Corporation                                          **DEFENDANT**

                                                          **JURY TRIAL DEMANDED**

_____

**COMPLAINT**

_____

This is an action to recover actual and punitive damages for pregnancy discrimination in

violation of the Title VII of the Civil Rights Act of 1964 and sex discrimination. The following

facts support the action:

1.

Plaintiff, Ambrea Fairchild, is an adult resident citizen of Forrest County, Mississippi

who may be contacted through undersigned Counsel.

2.

Defendant, All American Check Cashing, Inc., is a Mississippi corporation doing

business in the State of Mississippi and may be served with process by service upon its registered

agent, Michael E. Gray, 505 Cobblestone Court, Suite 2 or B, Madison, Mississippi 39110.

3.

This court has federal question jurisdiction under 28 U.S.C. § 1331 and civil rights

jurisdiction under 28 § 1343, for a cause of action arising under the Title VII of the Civil Rights

15-60190.32

Act of 1964, as amended by the Civil Rights Act of 1991. Venue is proper, because Fairchild

worked in the Defendant's Hattiesburg office.

4.

Fairchild has filed an EEOC charge attached hereto as Exhibit "A" and has received a

Right-to-Sue letter attached hereto as Exhibit "B."

5.

Fairchild was employed by the Defendant at its Hattiesburg, Mississippi office for

approximately 13 months. Fairchild did an excellent job and grew the office she worked at by

approximately 333%.

6.

However, once Fairchild became pregnant, Fairchild's supervisor, Mark Hendrix, and

manager, Daniel Fowler, made comments concerning "complications" due to Fairchild's

pregnancy.

7.

Fairchild was routinely required to work hours in excess of 40 hours per week. Fairchild

did not receive over-time compensation as required by the Fair Labor Standards Act, and now

demands compensation.

8.

Fairchild was a salaried "manager." The term manager was only a title given to

employees by the Defendant to avoid over-time pay. Fairchild's job duties did not qualify as a

exception under the Fair Labor Standards Act. Fairchild was never compensated for over-time

hours.

9.

Shortly after telling Defendant that she was pregnant, the Defendant discharged Fairchild

claiming that "it was not working out," despite Fairchild's excellent job performance. Fairchild,

15-60190.33

because of her pregnancy, was unable to work the unlawfully required over-time hours and experience the stress caused by the additional hours.

10.

Fairchild lost her employment because of her sex (female) and pregnancy.

11.

Within weeks of Fairchild's termination, two other pregnant employees were terminated without just cause.

12.

Fairchild is entitled to actual damages for mental anxiety and stress and lost income, as well as over-time pay. Defendant's actions are outrageous such that punitive damages are due.

## PRAYER FOR RELIEF

Fairchild prays for actual, compensatory, special, and punitive damages in the amount to be determined by a jury, reinstatement and for reasonable attorney's fees.

THIS the 30th day of April, 2013.

Respectfully submitted,

AMBREA FAIRCHILD, PLAINTIFF

DANIEL M. WAIDE, MSB #103543

DANIEL M. WAIDE, MSB #103543
SAMUEL S. McHARD, MSB #100295
McHARD & ASSOCIATES, PLLC
15 MILBRANCH ROAD
HATTIESBURG, MS 39402
T: 601-450-1715
F: 601-450-1719
EMAIL: DWAIDE@MCHARDLAW.COM
        SMCHARD@MCHARDLAW.COM

15-60190.34

# Tab 3.

# Order

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

AMBREA FAIRCHILD

VS.                                          CIVIL ACTION NO. 2:13cv92-KS-MTP

ALL AMERICAN CHECK CASHING, INC.

<u>ORDER</u>

This case came on to be heard on Motion for Directed Verdict following the conclusion of the evidence by Plaintiff. After Response and Argument, the Court found that the Motion for Directed Verdict made by Defendant was well-taken and was granted by the Court. In making this ruling, the Court made certain findings in a bench opinion.

NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED that the above styled and numbered cause be and the same is hereby dismissed with prejudice and costs assessed to Plaintiff. The bench opinion rendered by the undersigned Judge in ruling on the Motion for Directed Verdict is incorporated herein by reference.

SO ORDERED AND ADJUDGED on this the 20th day of February, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

15-60190.2438

# Tab 4.

# Judgment

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

AMBREA FAIRCHILD

VS.                                    CIVIL ACTION NO. 2:13cv92-KS-MTP

ALL AMERICAN CHECK CASHING, INC.

<u>JUDGMENT</u>

This matter having come before the Court on the Court's granting Defendant's

Motion for Directed Verdict, and the Court found in a separate opinion that the

Complaint in the above styled case should be **dismissed with prejudice.**

IT IS THEREFORE ORDERED AND ADJUDGED that the above captioned

cause be and the same is hereby dismissed with prejudice pursuant to Rule 58 of the

Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED on this, the 20th day of February, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

15-60190.2439

# Tab 5.

# Notice of Appeal

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**AMBREA FAIRCHILD**                                                       **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO. 2:13cv92KS-MTP**

**ALL AMERICAN CHECK CASHING, INC.,**
**a Mississippi Corporation**                                               **DEFENDANT**

**JURY TRIAL DEMANDED**

---

### NOTICE OF APPEAL

---

Notice is hereby given that Ambrea Fairchild, by and through undersigned counsel,

hereby appeals to the United States Court of Appeals for the Fifth Circuit from the District's

granting of the Defendant's *Ore Tenus* Motion for Directed Verdict and the Court's subsequent

Order [184] and Judgment [185] entered on the 20th day of February, 2015.

Respectfully submitted, this the 18th day of March, 2015

AMBREA FARICHILD
Plaintiff

*/s/ Daniel M. Waide*
DANIEL M. WAIDE, MSB # 103543
Attorney for Plaintiff


Johnson, Ratliff & Waide, PLLC
1300 HARDY ST., 2ND FLOOR
PO BOX 17738
HATTIESBURG, MS 39404
601-582-4553 (OFFICE)
601-582-4556 (FAX)
dwaide@jhrlaw.net
*Attorney for Plaintiff*

15-60190.2471

## CERTIFICATE OF SERVICE

I, Daniel M. Waide, do hereby certify that I electronically filed the foregoing with the Clerk of court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Robin Rasmussen                         rrasmussen@drmlawmemphis.com
Peter Baskind                           pbaskind@drmlawmemphis.com
Dinkelspiel Rasmussen & Mink, PLLC
1669 Kirby Parkway  Suite 106
Memphis, TN  38120

Sandy Sams                              Ssams@mitchellmcnutt.com
Mitchell, McNutt & Sams
P. O. Box 7120
Tupelo, MS 38802-7120


This the 18th day of March, 2015.

                                    By:    /s/ Daniel M. Waide
                                           DANIEL M. WAIDE (MSB 103543)


Johnson, Ratliff & Waide, PLLC
1300 HARDY ST., 2ND FLOOR
PO BOX 17738
HATTIESBURG, MS 39404
601-582-4553 (OFFICE)
601-582-4556 (FAX)
dwaide@jhrlaw.net
*Attorney for Plaintiff*

15-60190.2472

# Tab 6.

# Trial Transcript of District Ruling

1  Matters were delegated.  Again, discretion and independent

2  judgment.

3  You know, in terms of the happies they talked about, they

4  had latitude in that.  Again, Your Honor, they ran the store.

5  They got to be creative.  They trained people.  They were

6  responsible for making sure their store was profitable.  Now

7  that is discretion and independent judgment of the highest

8  regard.

9  So, Your Honor, we would submit that not just the Title VII

10  action should be, should be dismissed because, again, no

11  evidence whatsoever that Ms. Fairchild was fired because she

12  was pregnant, we would also submit, Your Honor, that we have

13  met our burden that Ms. Fairchild and her job as manager was

14  exempt from overtime pursuant to the administrative exception.

15  Exemption, sorry.

16  THE COURT:  Thank you.

17  All right.  The court has listened intently to the

18  testimony and the evidence in this case, has reviewed the

19  exhibits as they have been gone through, and needs to rule on

20  the motion for directed verdict or a motion for judgment under

21  Rule 50.

22  The two claims that are before the court, one is the

23  Title VII claim.  The claim by Ms. Fairchild that she was

24  dismissed because she was pregnant.  The burden is on the

25  plaintiff to establish the -- that All American qualifies under

1    the -- under Title VII, with 15 employees.  I do not recall any

2    direct proof of that.  But I do think that the -- and the

3    standard for this court is that all the evidence is taken in

4    the light most favorable to the non-moving party at this stage

5    of the proceeding.

6        The testimony was that, if I recall, All American at the

7    time had 41 offices, and the reasonable inference from the

8    testimony would be that there were at least 15 employees.

9        The Circuit Court may turn me around on that, on this

10   ruling, but I find that they have met their burden of proof at

11   this stage of the proceeding, that there were 15 employees.

12       The question that the court has and asked the question of

13   the respondent to this motion, very pointedly, was to point me

14   in the record as to anywhere there is proof of -- that the

15   plaintiff was fired because she was pregnant.

16       Well, the only proof offered was that it was -- that the

17   firing was in temporal proximity to her becoming pregnant, or

18   at least the defendant becoming aware that she was pregnant.

19       The testimony is replete with legitimate nondiscriminatory

20   reasons for firing Ms. Fairchild.  We can go back to the

21   testimony of the plaintiff that the -- that the employees knew

22   that she was pregnant as early as October.  She was not

23   terminated until January, December/January, and I find that

24   that is not close enough temporal proximity to establish a

25   prima facie case, if that's all you've got.  If there was

1    something else, the comments by the employee, the manager of

2    the Laurel store, the objection was sustained and the court

3    can't consider that.  But if there was something else other

4    than the temporal proximity, then I think the plaintiff could

5    get past a directed verdict on the Title VII claim.

6        But the court finds that the problems -- the legitimate

7    reasons, nondiscriminatory reasons for the firing of plaintiff

8    are replete in the record.  The problems with Mr. Fowler, the

9    fact that she was working when she wasn't supposed to, the

10   morale, the problems with delinquencies.  The other -- I don't

11   want to go through all of them, but there were a number of

12   other reasons that were established in the record that were

13   legitimate nondiscriminatory reasons.

14       And when that is taken in opposition to the fact that

15   plaintiff has, based on the testimony I've heard, not even met

16   a temporal proximity test for the firing, the court finds that

17   the motion for directed verdict on the Title VII claim should

18   be sustained.

19       Now the FLSA claim.  The question -- there are two periods

20   of time, or three periods of time, two at the same -- the two

21   periods of time that Ms. Fowler -- Ms. Fairchild worked as a

22   manager trainee, and the period of time that she was a manager.

23       The first period of working as a manager trainee, when she

24   originally went to Hattiesburg, or came to Hattiesburg, she

25   testified, and the documents backed it up, the Exhibit 1,

15-60190.2883

1    Plaintiff's Exhibit 1, that she was at the office other than

2    8:00 to 5:00, and that she was logging into the computer and

3    that she was there a good bit.  That the summary -- I assume

4    that the summary that -- of Exhibit 5 is -- was developed from

5    these -- this report, Exhibit 1, to come up with the number of

6    hours.

7        And I think that based on the evidence before the court,

8    the court can find, or the court could find that the plaintiff

9    had met her burden of proof.  When all the evidence is taken in

10   the light most favorable to Ms. Fairchild, that she had in fact

11   worked overtime during the first period as a manager trainee.

12   But then there are other considerations that I'm -- that the

13   court has to make, or take.  Assuming that she did exactly what

14   the documents indicate and that she said she did, worked

15   past -- got off the clock and worked overtime, this was a

16   violation of company policy.  This was the handbook, Exhibit 4,

17   specifically says what the hours are.  On the documents that

18   she was cross-examined about, the impeachment documents, she

19   signed off on not all but most of the documents indicating the

20   number of hours she worked per week.  And she was paid based on

21   that.

22       And this is troubling to the court because what in effect

23   happened was that she wrote the script for FLSA litigation on

24   her own and against company policy.

25       Things were moving along and then she's terminated, and she

1   comes back and says, I worked overtime, now I want to be paid

2   for it.  But you don't get to create the factual circumstances

3   of an FLSA claim at your discretion, which is essentially what

4   happened.  And we're here with an FLSA claim for the overtime

5   worked while she was a manager trainee.  And I don't think that

6   a reasonable juror could find, based on the facts, that she had

7   been required to work overtime and had not been paid for it.

8        She was paid based on her statements and she was paid based

9   on company policy and the directions from her supervisor.

10       Now let's go to the, to the issue of the managerial

11  authority, was she a qualified employee?  Qualified as a

12  manager and exempt from the 40-hour minimum of the FLSA.  Or

13  the 40-hour limit.

14       The proof of sales, the $500,000 sales, I don't recall that

15  being specifically proven, but I think that a reasonable

16  inference could be that it was established, based on the

17  testimony, that there were 41 stores and based on the testimony

18  of the income from the Hattiesburg store that's in Exhibit 1, I

19  think that the -- for the court to say that there is not a

20  reasonable inference as to that, I would be incorrect.

21       But were her duties administrative in nature and did she

22  use discretion and independent judgment?

23       Well, Document 6, Exhibit 6, the -- I'm sorry.  Document 3.

24  The proof indicates in her letter of April 16th, 2012, that she

25  was promoted to manager.  She was to be paid $27,040 per year,

1  which is the same amount that she would have been paid had she

2  worked as a manager trainee and worked a full 40-hour workweek.

3  But the money did go up.  But she would be eligible for bonuses

4  and she would have a hundred percent of her health insurance

5  paid, which as we all know is a significant benefit.

6      The testimony was that she was paid $35,000 from All

7  American during the year 2012, which means that she got

8  basically $8,000 in bonuses.

9      There was incentive, and that was the purpose, I assume, of

10  the bonus program, was to give incentive for the managers to do

11  well in the store, and it was apparent from the testimony that

12  Ms. Fairchild was a hard-working lady.

13      Now, there's some disparities in the testimony on a number

14  of things, but what we do know by her testimony on

15  cross-examination by Ms. Rasmussen, she testified that duties

16  were administrative in nature, she was not micromanaged as a

17  manager, a manager trainee was different from the job as a

18  manager.  A manager got more training than a manager trainee.

19  She trained the trainees.  She was to make sure trainees did

20  not work overtime.  She set the hours for the trainee.  She

21  delegated for trainees what to do and she would follow up.  She

22  supervised trainees.  Training and supervising employees was a

23  significant job for the manager.  Write-ups were her decision.

24  She used judgment as to when to write someone up.  She had

25  discretion as to whether or not to cash a check.

1      These are things I wrote down from her testimony based on

2   the cross-examination.  These are admissions made by her.

3   These are not statements by someone else.

4      She determined whether the store would be open on a

5   Saturday.  She determined when a demotion was justified.  She

6   determined that the demotion was justified, to work on her

7   weaknesses, that would go to the -- to the Title VII,

8   justification for the Title VII, in the Title VII claim.

9      She admitted -- or she talked about Mr. Fowler not doing

10  his job properly.  And there was extensive testimony as to the

11  back and forth and the disagreements, the spats, whatever,

12  between the plaintiff and Mr. Fowler during her second stint as

13  a manager trainee.

14     The policy, the discretion of making a loan.  Now

15  apparently -- I don't, I don't know much about the check

16  cashing and title loan business.  Frankly, this is my first

17  exposure to this type of enterprise.  But it is apparently a

18  highly regulated business.  Highly regulated my state law,

19  which limits the amount of checks that can be cashed, or loans

20  made, and the amount of fees that can be charged for check

21  cashing and for payday loans.

22     It is allowable under the law, under the case law, for

23  there to be reasonable restrictions and reasonable regulations

24  that the stores have to operate under.  And, frankly, I was

25  impressed with the written policies and procedures and the

15-60190.2887

1    regulations that were testified about regarding All American

2    Check Cashing.  Apparently it was a -- the structure, the

3    corporate structure, was and is significant, and it's -- they

4    have directives and -- but the fact that they have directives

5    and they have limits does not mean that they're being

6    micromanaged.

7        This -- Ms. Fairchild was not being micromanaged as the

8    manager, based on her own admissions and based on the testimony

9    of all the witnesses that came before the court.

10       Yes, All American had policies and procedures.  Yes, they

11   were enforced.  Yes, there were write-ups if they were not

12   followed.  But the fact that they had these things does not

13   automatically take away all discretion from the independent --

14   or the separate store locations and their various managers.

15       So there are some circumstances in this case, the physical

16   issues with the children and things like that that are very

17   troubling to the court, but that's not what I'm to base my

18   ruling on.  I'm looking at the testimony and taking the

19   evidence in the light most favorable to Ms. Fairchild, and

20   applying it to the law that I am required to, to enforce.  And

21   I find that the evidence is insufficient, when all of the other

22   factors are taken into consideration, it's -- to establish an

23   FLSA claim in her favor.

24       The fact that she is, is a manager, was a manager,

25   functioned as a manager, and the fact that for the non-manager

1  period that she worked, in violation of company policy, on her

2  own, and signed statements that said she didn't work extra, and

3  this court finds that the FLSA claim lacks merit and summary

4  judgment -- and a directed verdict should be granted also on

5  that claim.

6      Now, I recognize that this case may, may go further, but is

7  there anything that I need to address in this ruling,

8  Mr. Waide, that you want me to address?

9      MR. WAIDE:  Yes, Your Honor.  The second time that

10  Ms. Fairchild was a manager trainee, when she had been demoted,

11  the overtime hours therefrom.  I wanted to be sure that that's

12  properly reflected.

13      THE COURT:  Well, there was no testimony, other than

14  that she was working at the -- working for Mr. Fowler as the

15  manager.  There is no testimony that she was not paid overtime.

16  Now there is a -- the documents that you have, Exhibit 5, which

17  covers the period of -- the second period of, of trainee,

18  manager trainee.  Or does it?  When was she the manager trainee

19  for the second time?  She started in July?

20      MR. WAIDE:  If you look at the computer user report

21  that ends on the date of demotion.

22      MS. RASMUSSEN:  Your Honor, he's referring to what is

23  marked as Exhibit 5, his P-5.  There is no proof on that

24  document about any overtime that she either worked or was not

25  paid for after September 2012.

1    MR. WAIDE:  Ms. Fairchild did testify she was working

2    50 hours a week during that time and wasn't paid overtime,

3    after the trainee demotion.

4    THE COURT:  Well, I go back again to this -- she was

5    demoted in September of '12?

6    MR. WAIDE:  Yes, Your Honor.

7    THE COURT:  All right.

8    MR. WAIDE:  End of September 2012.

9    THE COURT:  Yes, sir.

10   Well, if she worked overtime and was not being paid, she

11   was doing so in violation of company policy.

12   Any response to that from the defendants?

13   MS. RASMUSSEN:  Yes, Your Honor.  There is no proof

14   that she was working -- I mean, even if Mr. Waide says, well,

15   she testified she was working 50 hours a week, that would have

16   been in violation of company policy.  She would not have had

17   permission to do it because it would have had to have been

18   signed off on, and I would submit to the court that that is

19   just simply too vague upon which to enter any kind of judgment

20   or order about any alleged overtime.  I mean, it's just purely

21   speculative at this point.

22   Now if Your Honor wants us to I guess hear some proof on

23   that, I don't think that would be appropriate because

24   Ms. Fairchild has already closed her proof.  And, again, I

25   don't think she can set up this scenario and then quit, you

1    know, later on and come back and say, I worked all time and I

2    didn't get paid.

3              MR. WAIDE:  Your Honor.

4              THE COURT:  Yes, sir, Mr. Waide.

5              MR. WAIDE:  In light of that, Ms. Fairchild did

6    testify during this time they did not have her clock in or out,

7    and her testimony was that every day she got there at 8:00, she

8    left at 6:00, she didn't take lunch breaks, which her

9    deposition -- her testimony is sufficient to establish the

10   hours that she worked, and it's unrebutted at this point that

11   she was there that time, worked those hours.  And it was

12   something All American was aware of, they were there.  And

13   that's what we've got at the moment, Your Honor.

14             MS. RASMUSSEN:  If you look at the work schedule in

15   the handbook, it says what her hours were and it says they were

16   40 hours a week, and even she testified that they weren't

17   allowed to work -- that manager trainees were not allowed to

18   work more than 40 hours a week.  That was her testimony.

19             THE COURT:  Anything further, Mr. Waide?

20             MR. WAIDE:  Yes, Your Honor.  Same thing.  If the fact

21   that the manager is telling you to work overtime, you know, you

22   work overtime unless you're told not to.

23        And overtime could be approved.  There is no testimony that

24   it had to be approved before you worked overtime.  The only

25   testimony was that Ms. Fairchild, as manager, could not approve

1    overtime for her manager trainees.  There is no evidence that

2    Ms. Fairchild was told not to work 50 hours a week.  At this

3    point all we have is she worked 50 hours a week, she wasn't

4    paid for it, she was a manager trainee at the time.

5        MS. RASMUSSEN:  Your Honor, Mr. Waide put in the

6    handbook and referred to the scheduling.  I think it's Page 13.

7    And I believe nonexempt employees are strongly encouraged to

8    leave work during their allotted meal period to avoid

9    performing or appearing to perform any work during a regularly

10   scheduled meal period.

11       And I believe it also says that -- I don't see it here.  If

12   you'll give me a moment, Your Honor, I'm sure I can find the

13   overtime provision which says that it has to be approved.

14       It's not a matter of the manager telling you not to work

15   it.  It's a matter of being told not to -- I mean you're not

16   told don't work overtime, you're not supposed to work overtime.

17       Here it is.  On the handbook.

18       MR. WAIDE:  What page?

19       MS. RASMUSSEN:  Page 17, overtime procedures.  I think

20   it's Page 17.  It says, All overtime must have prior approval

21   of the manager or supervisor.  Failure to work scheduled

22   overtime, or overtime worked without prior approval, will

23   result in disciplinary action, up to and including termination.

24       THE COURT:  May I see your Exhibit No. 4, Ms. Lampton,

25   the one that was substituted?

1            THE CLERK:  No, that was No. 3.

2            MR. WAIDE:  Which?

3            THE COURT:  No. 4 was not substituted?  The handbook?

4            THE CLERK:  It was P-3.

5            MS. RASMUSSEN:  P-3?  I'm sorry, I had it as P-4.  I'm

6    sorry.

7            THE COURT:  Well, that's the one that's --

8            THE CLERK:  Which one do you want to see, Judge?

9            THE COURT:  That's not the one that was substituted.

10   Ms. Lampton, y'all agreed to substitute one.  No. 4 was not

11   substituted?  The handbook?

12           MS. RASMUSSEN:  113.

13           MR. WAIDE:  113?

14           THE CLERK:  P-3.

15           MS. RASMUSSEN:  P-3?  I'm sorry, I had it as P-4.  I'm

16   sorry.

17           THE COURT:  Well, that's the one that's in --

18           THE CLERK:  Which one do you want see, Judge?

19           THE COURT:  Neither one, if that's not the one that

20   was substituted.  Ms. Lampton mentioned that one --

21           MR. WAIDE:  That was the personnel file, which would

22   have been --

23           THE COURT:  P-4.

24           MS. RASMUSSEN:  Personnel file was P-3.

25           MR. WAIDE:  P-3 was the one that was substituted.

15-60190.2893

1          THE COURT:  All right.  I'm looking at P-4.

2          MS. RASMUSSEN:  Your Honor, may I get the page and

3    hand it to you?

4          THE COURT:  No, you can just cite me to the page.

5    I've got it.

6          MS. RASMUSSEN:  Okay.  It appears to be Page 15 of the

7    actual handbook.  And it's labeled -- it says it's 15, 16, 17.

8    17 pages.  The first thing on the top of the page, it says

9    Overtime Procedures, Your Honor.

10         THE COURT:  I see it.

11         MS. RASMUSSEN:  And the last sentence of the first

12   paragraph:  All overtime must have prior approval of the

13   manager or supervisor.

14       And then the last sentence of that section:  Failure to

15   work scheduled overtime, or overtime worked without prior

16   approval, will result in disciplinary action, up to and

17   including termination.

18         THE COURT:  Anything further, Mr. Waide?

19         MR. WAIDE:  Yes, Your Honor.  These overtime hours

20   were worked with Daniel Fowler, the manager.  He's

21   responsible -- he's there from open to close.  He's working

22   with Ms. Fairchild.  In addition, that's who the handbook says

23   can give you the approval.  All overtime approval of the

24   manager.  She's working with the manager on these overtime

25   hours.  Required to work these hours.

1    MS. RASMUSSEN:  There was no testimony about that,

2   Your Honor.  There was no testimony whatsoever about being

3   approved or required to work those hours by Mr. Fowler.  None.

4    THE COURT:  The only testimony that I recall is that

5   the lady said she worked some overtime.  But that is in

6   violation of the, of the handbook.  It was -- she was -- there

7   has been no proof that she wasn't paid for it, and the court

8   finds that the plaintiff has failed to make a case that she was

9   not paid overtime for the period that she was working as a

10   trainee.  Document 5 does not include that period.

11    So anything further you want me to address, Mr. Waide?

12    MR. WAIDE:  No, Your Honor.  That it's.

13    THE COURT:  Anything further that you want me to

14   address, Ms. Rasmussen?

15    MS. RASMUSSEN:  No, Your Honor.  I believe we're going

16   to have some post-trial motions, but that will be post trial.

17    THE COURT:  Is there anything, any factual issue or

18   any question that I failed to address?

19    MS. RASMUSSEN:  No, Your Honor.  Thank you.

20    THE COURT:  All right.  So the -- I'll incorporate

21   this ruling into the judgment that will be entered tomorrow.

22    I want to thank you.  I wanted to say this, I'm sorry I

23   have to say it now without -- at such a time, but I see lots of

24   lawyers in this court, and I have some that are not familiar

25   with the -- and do not attempt to follow the protocol in the

1    court, asking permission to approach the witness, and things

2    like that.    I think that both sides have done a very good job

3    of advocacy, and it's a lawsuit and somebody's going to win and

4    somebody's going to lose, as in all cases.    But I want to

5    compliment both sides on the way that y'all have tried this

6    case.    And prepared.    There's been a lot work put into it.    And

7    it's just -- it is what it is as far as the facts and the

8    court's ruling, but that doesn't take away from the quality

9    work that both lawyers, both sides, attorneys have done on this

10    litigation, and I want to thank you for that.

11        COURT OFFICER:    All rise.

12    (Proceedings concluded at 4:38 p.m.)

# Tab 7.

# Trial Transcript Regarding Wendy Lambert

1    A.  I was let go in January and I had her in the end of May.

2    Q.  Okay.

3            THE COURT:  Mr. Waide, do you anticipate a good bit

4    more direct examination?

5            MR. WAIDE:  No, Your Honor, not much more.

6            THE COURT:  All right.  Proceed.

7    BY MR. WAIDE:

8    Q.  Before your termination from All American Check Cashing,

9    did anybody with All American Check Cashing say there were any

10   issues with your performance as a manager trainee?

11   A.  No.

12   Q.  Did anybody with All American Check Cashing ever address

13   any attitude issues with you as a manager trainee?

14   A.  No.

15   Q.  Did anybody with All American Check Cashing ever address

16   with you any issues of insubordination?

17   A.  No.

18   Q.  Has anybody from All American Check Cashing in any sort of

19   management capacity ever, ever stated that your pregnancy was

20   related to your termination?

21   A.  Yes.

22   Q.  Who?

23   A.  Wendy Lambert.

24   Q.  Who is Wendy Lambert?

25   A.  She was manager in Laurel.

15-60190.2747

1    Q.  Okay.  When was she the manager in Laurel?

2    A.  She was the manager in Laurel the entire time I was there.

3    Q.  Okay.  Was she your manager at some point?

4    A.  Yes.  She trained me.

5    Q.  Okay.  And when did Ms. Lambert discuss your termination

6    and your pregnancy?

7    A.  It was when she and I had went to lunch.

8    Q.  All right.

9         MS. RASMUSSEN:  Objection, Your Honor.

10        THE COURT:  State the nature of your objection,

11   please.

12        MS. RASMUSSEN:  Hearsay.

13        THE COURT:  Ma'am?

14        MS. RASMUSSEN:  Hearsay.

15        THE COURT:  Was Ms. Lambert an employee at the time?

16        MS. RASMUSSEN:  Yes.

17        MR. WAIDE:  Managerial employee.

18        MS. RASMUSSEN:  Your Honor, this statement was made

19   during a social occasion.  She just said it was during lunch.

20        THE COURT:  All right.  I sustain the objection under

21   801(d)(2).

22   The -- it's -- it was a social occasion; it was made by an

23   employee, but it was not on a matter within the scope of the

24   relationship while it existed, under 801(d)(2)(c) or (d), so I

25   sustain the objection.

15-60190.2748

1         Proceed.

2              MS. RASMUSSEN:  Your Honor, may we have a disregard

3    instruction, please?

4              THE COURT:  Yes, ma'am.

5         Ladies and gentlemen of the jury, the statement that the

6    lady that was the manager of the Laurel store made, there was

7    an objection made and the objection was sustained, which means

8    under the instruction that I gave you yesterday you are to

9    disregard that response.  The question and the response.

10        Will each of you do that?  If you will disregard that

11   question and response, would you please raise your hand.

12        Let the record reflect there is a unanimous show of hands.

13        Thank you.

14        Proceed, please.

15             MR. WAIDE:  Thank you, Your Honor.

16        May I have a moment, Your Honor?

17             THE COURT:  Yes.

18   BY MR. WAIDE:

19   Q.  Ms. Fairchild, do you have a copy of the handbook in front

20   of you still?

21   A.  I do not.

22             MR. WAIDE:  May I approach, Your Honor?

23             THE COURT:  Yes.

24             MR. WAIDE:  For the record, Your Honor, that was D-4.

25             THE COURT:  Yes, sir.

# Tab 8.

# Certificate of Service

## CERTIFICATE OF SERVICE

I, Daniel Waide, attorney for Plaintiff/Appellant, do hereby certify that I have this day electronically filed the above and foregoing with the Clerk of the Court, utilizing the ECF system, which sent notification of such filing to the following:

Sandy Sams, Esq                      Ssams@mitchellmcnutt.com
Mitchell, McNutt & Sams
P. O. Box 7120
Tupelo, MS 38802-7120


Megan Black, Esq.
Dinkelspiel Rasmussen & Mink, PLLC
1669 Kirby Parkway  Suite 106
Memphis, TN  38120


This the 15th day of June, 2015.


By:/s/ Daniel M. Waide
    DANIEL M. WAIDE


OF COUNSEL:

Daniel M Waide, MS Bar #103543
Johnson, Ratliff & Waide, PLLC
1300 Hardy St.
PO Box 17738
Hattiesburg, MS 39404
601-582-4553 (Office)
601-582-4556 (Fax)